352 So.2d 220 (1977)
STATE of Louisiana
v.
Joe A. TERRELL.
No. 60040.
Supreme Court of Louisiana.
November 14, 1977.
Frank J. Gremillion, Cyrus J. Greco, Baton Rouge, for defendant-respondent.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Ralph L. Roy, Marilyn C. Castle, Asst. Dist. Attys., for plaintiff-relator.
SUMMERS, Justice.
The East Baton Rouge Parish Grand Jury returned an indictment against Joe A. Terrell, which as amended, charged in two counts that he failed to file his income tax returns with the Collector of the Department *221 of Revenue for the years 1974 and 1975 within the time period fixed by law. The indictment alleges these failures were violations of Sections 103 and 107 of Title 47 of the Revised Statutes. The pertinent parts of these statutes provide:
"Returns made on the basis of the calendar year shall be made and filed with the collector at Baton Rouge, Louisiana, on or before the 15th day of May, following the close of the calendar year. Returns made on the basis of a fiscal year shall be made and filed on or before the 15th day of the fifth month following the close of the fiscal year with the collector at Baton Rouge, Louisiana." La.Rev.Stat. 47:103 A
"Failure to file a return with the Department of Revenue in accordance with the requirements of this Sub-part and within the time periods specified in R.S. 47-103 shall be punished by a fine of not more than five hundred dollars or by imprisonment for not more than six months, unless approval for a delay in filing is authorized by the collector of revenue in writing and in addition, the penalties set forth in R.S. 47:1602 shall be invoked.. . ." La.Rev.Stat. 47:107 (as added by Acts 1970, No. 454, § 1)
A timely motion to quash was filed by Terrell alleging that Section 107 is unconstitutional in that it is overly broad, condemns noncriminal activity as criminal and Section 107 and Section 1642, both of Title 47 of the Revised Statutes, provide different penalties for the same offense, giving the State unrestricted choice of penalties.
A hearing was held on the motion to quash on May 31, 1977 and the trial judge sustained that motion. In oral reasons assigned by the trial judge he found Section 107 "contrary to fairness", lacking a required criminal intent and therefore unconstitutional.
The State objected to the ruling and announced its intention to apply for writs. Certiorari was granted and the matter is considered as on appeal.
Defendant concedes that a statute may make criminal offenses which are merely malum prohibitum, not requiring either general or specific intent. However, his sole contention on this appeal is that a statute cannot constitutionally create a crime where the criminal consequences, or the result condemned, is merely a result or an effect totally independent of any intentional conduct on the part of the offender. Thus, it is argued, the statute punishes the fact that the tax returns were not timely filed, a fact which may be completely unrelated to any intentional act on the part of the accused.
Although the argument shrouds the issue in semantics, it amounts to a claim that criminal conduct requires intent to do or fail to do something. The argument is specifically answered by Article 8(2) of the Criminal Code (La.Rev.Stat. 14:8(2)). In defining criminal conduct the article states that it may consist of "[a] mere act or failure to act that produces criminal consequences, where there is no requirement of criminal intent." [Emphasis ours].
A crime may therefore be enacted where there is no requirement of criminal intent when there is a failure to act which produces criminal consequences. Thus not filing timely in this case, a failure to act, resulted in no timely tax return by the defendant, a criminal consequence.
It was also pointed out in the defendant's brief that then pending legislation which subsequently became Act 527 of 1977, effective September 9, 1977, amended Section 107 by requiring that the failure to file be "intentional", repealing all laws or parts of laws in conflict therewith. It is suggested that the effect of the amendment and repeal was to require the quashing of the indictment because the crime charged was devoid of intent and could no longer stand.
The argument lacks merit.
"The repeal of any law shall not have the effect of releasing or extinguishing any penalty, forfeiture or liability, civil or criminal, incurred under such law unless the repealing act expressly so provides, and such law shall be treated as still *222 remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability." La.Rev.Stat. 24:171.
Nor does re-enactment or amendment of a penal statute extinguish or alter the liability or penalty of the former statute, unless the legislature so intends. This is the general rule adopted by this Court. State v. Paciera, 290 So.2d 681 (La.1974).
For the reasons assigned, the judgment of the trial court is reversed and set aside and the case is remanded for further proceedings not inconsistent with law and the reasons assigned.