375 So.2d 1344 (1979)
STATE of Louisiana
v.
Cordell KELLY.
No. 64374.
Supreme Court of Louisiana.
October 8, 1979.
Rehearing Denied November 1, 1979.
*1345 William R. Ary, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Brian G. Meissner, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Cordell Kelly was indicted by the grand jury for the first degree murder of Brenda J. Joseph on May 13, 1978, in violation of La.R.S. 14:30. A mistrial was ordered *1346 when the jury was unable to agree on a verdict. After a second trial by jury on September 27, 1978, defendant was found guilty as charged. A sentencing hearing was conducted before the same jury that determined the issue of guilt. The matter was submitted on the evidence of the trial on the issue of guilt without the introduction of other evidence. The jury unanimously recommended that defendant be sentenced to life imprisonment without benefit of probation, parole, or suspension of sentence. The trial judge sentenced defendant in accordance with the recommendation of the jury. On appeal, defendant relies on eleven assignments of error for reversal of his conviction and sentence.

ASSIGNMENT OF ERROR NO. 1
Defendant contends the trial judge erred in denying his motion for a new trial grounded on the claim that the trial judge failed to deliver a copy of the court's written charge to him prior to reading it to the jury. He argues prejudice as a result thereof.
La.Code Crim.P. art. 801 provides:
The court shall charge the jury after the presentation of all evidence and arguments. The court shall reduce its charge to writing if it is requested to do so by either a defendant or the state prior to the swearing of the first witness at the trial on the merits. The court's written charge shall be read to the jury. The court shall deliver a copy thereof to the defendant and to the state prior to reading it to the jury.
In the instant case, defendant filed a request that the trial judge reduce his charge to writing and deliver a copy thereof to him prior to reading it to the jury. The request was filed on July 13, 1978, some two months before the second trial. At trial (September 27, 1978), the trial judge failed to deliver a copy of the written charge to defendant as requested. No objection was made. The issue was raised for the first time in the motion for a new trial.
This court has held that, where a defendant fails to object to the failure to furnish the requested written charge, he waives the right to complain of error, if any, on appeal. La.Code Crim.P. art. 841; State v. Cluse, 362 So.2d 765 (La.1978). Hence, the trial judge did not err in denying defendant's motion for a new trial.
Assignment of Error No. 1 is without merit.

ASSIGNMENTS OF ERROR NOS. 2 AND 9
Defendant contends the trial judge erred in overruling his objection to the judge's charge to the jury on second degree murder (Assignment of Error No. 9) and in denying his motion for a new trial grounded on the same contention (Assignment of Error No. 2).
Defendant's objection to the charge of second degree murder was grounded on the claim that the judge should have charged the jury under the second degree murder statute in effect at the time of trial rather than the one in effect at the time the offense was committed.
The crime with which defendant was charged was committed on May 13, 1978. Act 796 of 1978, amending La.R.S. 14:30.1, the second degree murder statute, was not effective until September 8, 1978. La.R.S. 24:171 provides:
The repeal of any law shall not have the effect of releasing or extinguishing any penalty, forfeiture or liability, civil or criminal, incurred under such law unless the repealing act expressly so provides, and such law shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability.
Under the general saving provision, the amendment of La.R.S. 14:30.1 did not extinguish liability for the offense committed under the former statute. State v. Meshell, 352 So.2d 1020 (La.1977); see State v. Terrell, 352 So.2d 220 (La.1977); State v. Paciera, 290 So.2d 681 (La.1974); State v. Gros, 205 La. 935, 18 So.2d 507 (1944). The trial *1347 judge, therefore, was correct in refusing to charge the jury with the definition of second degree murder contained in Act 796 of 1978 and in denying defendant's motion for a new trial grounded on the same contention.
On appeal, defendant argues for the first time that the second degree murder charge as given was so confusing and vague as to offend due process. Defendant's only objection at trial to the charge, however, was on the ground discussed above. An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence, and the party objecting made known to the court the action which he desired the court to take, or his objections to the action of the court, and the grounds therefor. La.Code Crim.P. art. 841. A new basis for an objection may not be raised for the first time on appeal. Therefore, this contention has been waived. State v. Quincy, 363 So.2d 647 (La.1978); State v. Williams, 343 So.2d 1026 (La.1977).
Assignments of Error Nos. 2 and 9 are without merit.

ASSIGNMENT OF ERROR NO. 3
Defendant contends the trial judge erred in ruling the bill of particulars furnished by the state was good and sufficient. Defendant argues the bill of particulars did not specifically set up the nature and cause of the charge against him, rendering it impossible for him properly to prepare a defense.
Defendant moved for the following particulars, inter alia:
4) If this proceeding is being conducted under any statute or statutes consisting of sections, parts, paragraphs, or divisions of any kind, upon what specific section, part, paragraph or division is the prosecution based?
5) Please state with particularity which complete statute the prosecution is based [sic], setting forth the act, number, and year adopted; more particularly, the title and section number of the Revised Statute.
More than two months before the second trial, the state responded:
4. L.R.S. 14:30. Art. 905.4 d, g.
5. Same as above.
The trial judge on the same day ruled the answers good and sufficient. The minutes reflect a defense objection.
Defendant was charged by the grand jury with first degree murder, La.R.S. 14:30. Under the statutory scheme at the time, the state needed to prove one or more of the aggravating circumstances in La. Code Crim.P. art. 905.4 as elements of the crime. Defendant's motion was for the particular sections of any statutes under which the prosecution would proceed. The state replied that the prosecution would be under La.R.S. 14:30, the first degree murder statute, with La.Code Crim.P. art. 905.4(d) and (g) as aggravating circumstances. The ruling of the trial judge that the answers were good and sufficient was correct. Moreover, defendant had previously been tried on the same charge; that trial had ended in a mistrial. Also, defendant does not state what additional information, if any, he needed to prepare his defense properly.
Assignment of Error No. 3 is without merit.

ASSIGNMENT OF ERROR NO. 4
Defendant contends the trial judge erred in denying his motion to quash the indictment.
Defendant argues that the incorporation of La.Code Crim.P. arts. 905.4 and 905.5 into La.R.S. 14:30 is vague and indefinite and violates the constitutional guarantee that an accused shall be informed of the nature and cause of the accusation against him. La.Const. art. 1, § 13. The basis of his complaint is that defendant has to refer to two separate books to determine the definitions of the different degrees of homicide. Defendant cites no authority for this proposition. We find no merit to the contention. Hence, the trial judge did not err in denying defendant's motion to quash the indictment.
*1348 Assignment of Error No. 4 is without merit.

ASSIGNMENT OF ERROR NO. 5
Defendant contends the trial judge erred in overruling his objections to the allowance to the state of challenges for cause of certain prospective jurors due to their sentiments regarding the death penalty. Defendant argues that the exclusion of this class of persons from the jury violates his constitutional right to be tried before a jury composed of a fair cross-section of the community.
A review of the voir dire examination reveals that the excluded prospective jurors stated in advance of trial that they could not consider returning a verdict of death. Therefore, the jurors were properly excused in compliance with La.Code Crim.P. art. 798(2) and Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968).
There is no merit to defendant's contention that his constitutional right to be tried by a jury selected from a fair cross-section of the community has been violated when the prospective jurors have been properly excluded in compliance with La. Code Crim.P. art. 798(2) and Witherspoon v. Illinois, supra, as was done here.
Assignment of Error No. 5 is without merit.

ASSIGNMENTS OF ERROR NOS. 6, 7 AND 8
Defendant contends the trial judge erred in overruling his objections to the introduction in evidence of the coroner's proces verbal of an autopsy (Assignment of Error No. 6) and testimony by the chief coroner concerning the cause of death as stated therein (Assignments of Error Nos. 7 and 8). He argues that the evidence was inadmissible hearsay because the testifying witness did not perform the autopsy.
At trial, Dr. Ralph Lupin, chief coroner, testified that he had been to the scene of the crime, examined the body, and supervised its removal to the morgue. Although he had not performed the autopsy, Dr. Lupin stated that he had reviewed and signed the proces verbal. The state then asked the doctor to describe the cause of death as stated in the proces verbal. Defendant's objection was overruled and the witness was allowed to answer. Defendant's objection to the introduction of the coroner's proces verbal into evidence was also overruled.
La.Code Crim.P. art. 105 provides in pertinent part:
A coroner's report and a proces verbal of an autopsy shall be competent evidence of death and the cause thereof, but not of any other fact.
Under art. 105, the coroner's proces verbal is competent evidence of death and the cause thereof, but not of any other fact. Hence, it is excepted from the hearsay rule and is admitted in evidence as proof of death and the cause thereof.
The Official Revision Comment (e) to art. 105 provides that, since the word "coroner" is defined in art. 8 to include deputies and assistants, it was unnecessary for art. 105 to state expressly that the reports and findings of the coroner's assistants are admissible in evidence. La.Code Crim.P. art. 104 provides that the coroner may use expert assistants in the performance of an autopsy. Hence, the finding of the pathologist contained in the coroner's proces verbal of an autopsy was admissible in evidence. The trial judge did not err in overruling defendant's objection to the admission in evidence of the coroner's proces verbal and testimony concerning the cause of death stated therein.
Assignments of Error Nos. 6, 7 and 8 are without merit.

ASSIGNMENT OF ERROR NO. 10
Defendant contends the trial judge erred in permitting the state, over his objection, to submit the matter at the sentencing hearing on the evidence of the trial on the issue of guilt. He argues that La. Code Crim.P. art. 905.2 requires that the sentencing hearing be conducted according *1349 to the "rules of evidence" and that a unilateral stipulation of evidence is not allowed under the rules of evidence.
There is no substance to this contention. It ignores the fact that the same article also provides that the "jury may consider any evidence offered at the trial on the issue of guilt." Clearly, this provision permits the state to submit the matter at the sentencing hearing on the evidence of the trial on the issue of guilt as was done here. Defendant's objection was properly overruled.
Assignment of Error No. 10 is without merit.

ASSIGNMENT OF ERROR NO. 11
Defendant contends the trial judge erred in sentencing him before he was able to apply for writs to this court to review the denial of his motion for a new trial.
The minutes of October 19, 1978, reflect that the trial judge first denied defendant's motions for a new trial and in arrest of judgment and then, "[a]fter the defendant waived all legal delays, the Court sentenced the defendant . . . ." Despite this fact, the transcript of the hearing on October 19, 1978, reveals that, after denying the aforesaid motions, the trial judge stated that the "Court will impose sentence at this time." No mention is made of a waiver of the legal delay before sentence. Immediately after sentencing defendant, defense counsel noted his objection to the "Court's sentencing the accused prior to or before [his] being able to take writs to the Supreme Court based on the Motion for a New Trial." This objection is not noted in the minutes.
La.Code Crim.P. art. 873 provides:
If a defendant is convicted of a felony, at least three days shall elapse between conviction and sentence. If a motion for a new trial, or in arrest of judgment, is filed, sentence shall not be imposed until at least twenty-four hours after the motion is overruled. If the defendant expressly waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately.
Clearly, the record does not reflect that before sentence was imposed defendant had "expressly" waived the twenty-four hour delay after his motions for a new trial and in arrest of judgment had been overruled. Hence, the sentence must be vacated and the case remanded to the trial court with instructions to the trial judge to sentence defendant in accordance with law.

DECREE
For the reasons assigned, the conviction is affirmed but sentence imposed is vacated and set aside, and the case is remanded to the district court with instructions to the trial judge to sentence defendant in accordance with law.
DENNIS, J., concurs and assigns reasons.
DENNIS, Justice, concurring.
I respectfully concur in the majority opinion, although with some misgivings. The majority opinion does not discuss an error which is arguably patent on the face of the record. The trial court incorrectly instructed the jury that a second degree murder was a specific intent homicide in which none of the statutory aggravating circumstances was present, including "heinousness". See La.C.Cr.P. art. 905.4. This Court in effect excised "heinousness" as an element of first degree murder in State v. Payton, 361 So.2d 866 (La.1978). In the present case the jury, which returned a verdict of guilty of first degree murder could have been led to believe that "heinousness" in the manner of the killing justified such a verdict. Thus the defendant may have been prejudiced because, if the jury had been correctly instructed, it may have returned a second degree murder verdict. Ultimately, however, I conclude that the faulty instruction was not a patent error and that it was waived by the defendant's failure to object. This Court has held that the unconstitutionality of a statute upon which a prosecution is based is a patent error, State v. Stewart, 325 So.2d 828 (La.1976), but it cannot be said that the prosecution here was so based simply because a single jury instruction was based *1350 upon an interpretation of the first and second degree murder statutes which we have held to be unconstitutional.