381 So.2d 815 (1980)
STATE of Louisiana
v.
Robert BENITEZ.
No. 64521.
Supreme Court of Louisiana.
March 3, 1980.
*816 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Abbott J. Reeves, James Maxwell, Asst. Dist. Attys., for plaintiff-appellee.
Michael E. Soileau, New Orleans, for defendant-appellant.

ON REHEARING
BLANCHE, Justice.[*]
After a jury trial, defendant, Robert Benitez, was convicted of distribution of heroin in violation of R.S. 40:966. He was sentenced to life imprisonment without benefit of probation or suspension of sentence. We affirmed his conviction and sentence in a Per Curiam opinion. On defendant's application, we granted a rehearing.
At trial, the state presented the following evidence: On October 15, 1977, defendant sold three papers of heroin to an undercover agent. Another undercover agent corroborated that he saw defendant and the undercover *817 agent meet, but did not see exactly what changed hands. Both testified that an informer was used to make the arrest, and both identified the informer. The substance contained in the packets was identified as heroin by a chemist for the Jefferson Parish Sheriff's Office. The chemist testified that he ran the initial screening test, but that a more definitive test was required to be done at Charity Hospital because his office lacked the sophisticated equipment required for the test. At Charity, the test was run by the chief toxicologist; however, the witness testified that he examined the graphs as they were being produced on the machine, and ascertained that the material tested was heroin.
During trial, the defense called as its own witness the informer, whose identity had been revealed at trial by the two undercover agents. The informer testified that he had talked with these agents during the noon recess of the trial in violation of the sequestration order. Defense counsel then objected to the informer testifying after learning that he had talked with others about the trial. This objection was overruled and defendant then requested that the informer be considered as a hostile witness even though he had been called as his own witness, and no testimony had, at that time, been elicited. The court denied this request. Defense then called a woman who had been living with the defendant at the time of the sale. She testified that the informer had given the defendant an envelope purportedly containing instructions to a third person regarding the repair of defendant's motorcycle.
Defense counsel also sought to call one of the undercover agents as an impeachment witness so as to point out the inconsistency in the testimony of the informer concerning what he had told the agents regarding his fear for his life.
We now consider the assignments of error relied upon by defendant for reversal of his conviction.

Assignments of Error Numbers 4 and 7
These assignments relate to the defendant's allegation of error in permitting the chemist for the Jefferson Parish Sheriff's Office to testify that the substance in the package was heroin when he did not personally conduct the definitive test made at the Charity Hospital. Defense counsel argues that inasmuch as this witness did not personally conduct the definitive test, his testimony identifying the substance as heroin was hearsay. Although defense counsel cross-examined the expert witness concerning the manner and method in which the test had been conducted at the Charity Hospital, he nevertheless failed to object at the trial to the introduction of the testimony into evidence. This Court has steadfastly refused to consider alleged errors when there was no objection at trial. A new ground for an objection cannot be raised for the first time on appeal. C.Cr.P. art. 841; State v. Kelly, 375 So.2d 1344 (La.1979); State v. Valentine, 364 So.2d 595 (La.1978); State v. Williams, 343 So.2d 1026 (La.1977).
Regardless of the competency of the witness to personally conduct the test at Charity Hospital, he explained to the jury that when the graph of the heroin used in the testing machine was compared with the graph made of the sample tested, that he made the comparison. He further stated that based on his observation of the graphs, the sample tested was heroin. The weight of this testimony was for the jury to decide. C.Cr.P. art. 802(2).

Assignment of Error Number 13
Defense counsel contends that the trial judge should have declared a mistrial because a defense witness violated the court's sequestration order.
Two police agents, who were state witnesses, testified that the confidential informant in the case had approached them, claiming that he feared for his life because a spectator in the courtroom had threatened him. The informant asked the agents about their testimony. One agent diverted the informant by telling him, "When you go in there, you tell the truth. If you don't *818 remember something, you don't remember it." The other agent told the informant that "we weren't to discuss anything that occurred on the stand or any merits of the case . . .". When the informant testified, he claimed he did not remember informing on the defendant. Defense counsel argues that the agent's statement, "If you don't remember something, you don't remember it", unwittingly placed in the informant's mind the idea of suffering a convenient loss of memory. The trial judge ruled that the sequestration order had not been violated because the agents and the informant had not actually discussed the case.
Louisiana Code of Criminal Procedure article 764 provides:
"Upon its own motion the court may, and upon request of the state or the defendant the court shall, order that the witnesses be excluded from the courtroom or from where they can see or hear the proceedings and refrain from discussing the facts of the case or the testimony of any witness with anyone other than the district attorney or defense counsel."
The purposes of sequestration of witnesses are to prevent their testimony from being affected by the testimony of prior witnesses, and to strengthen the role of cross-examination in developing the facts. State v. Wilson, 360 So.2d 166 (La.1978); State v. Lewis, 367 So.2d 1155 (La.1979). A trial judge's ruling on a violation of sequestration will not be reversed absent a showing of abuse of discretion. State v. Mullins, 353 So.2d 243 (La.1977); State v. Calloway, 343 So.2d 694 (La.1977).
Because the agents did not discuss their testimony or the facts of the case, the trial judge did not err in refusing to grant a mistrial.

Assignment of Error Number 15
Defense counsel contends the trial judge erred in ruling that the confidential informant was not a hostile witness. Evidently, the ruling was prompted by the fact that the defendant called the informant as his own witness despite his prior knowledge that the witness was, in fact, the informant. A ruling that the witness was hostile would have allowed the defense to impeach the witness, R.S. 15:487, and to ask leading questions (cross-examination), R.S. 15:277.
Once again, because counsel failed to object at trial to the ruling of the lower court, we cannot review the question of the hostility of the witness. C.Cr.P. art. 841; State v. Kelly, 375 So.2d 1344 (La.1979); State v. Valentine, 364 So.2d 595 (La.1978); State v. Williams, 343 So.2d 1026 (La.1977).

Assignment of Error Number 17
This argument refers to the court's refusal to allow defendant to recall one of the state's witnesses for impeachment purposes. As set forth hereinabove, the prosecutor had elicited a statement from the informant (the state's informant, but the defense's witness) that he was testifying without fear for his life. The jury heard these disclaimers, but it had not heard the completely different account of the encounter given by the agents. One undercover agent testified, while the jury was out of the courtroom, that the informant had talked to him about "fear for his life". The informant had come up to them and stated to both agents that he was, in fact, afraid of someone sitting in the courtroom. Counsel for defendant, desiring to call this inconsistency to the attention of the jury, informed the court specifically that he wished to call the undercover agent back to the stand as "an impeachment witness". The trial court sustained the state's objection to this procedure.
In our opinion, the trial judge did not abuse his discretion in this regard. Defense counsel called the informant as his own witness and could have impeached him, but only on a showing of hostility or surprise. R.S. 15:487. As counsel failed to make such a showing, the trial judge's ruling was correct.

Assignment of Error Number 19
By this assignment, defendant alleges that his sentence is not in conformity with law. Our examination of the record *819 and applicable statute, La. Acts 1977, Act No. 631 § 1, reveals that the defendant was not sentenced in excess of the statute; the trial judge had no alternative except to impose the only sentence authorized by lawnamely, life imprisonment without benefit of probation or suspension of sentence.
This assignment is without merit.

DECREE
Accordingly, the conviction and sentence of defendant are affirmed.
AFFIRMED.
DENNIS, J., concurs, but does not agree with statement relative to exclusion of witnesses who violate exclusion.
CALOGERO, J., dissents and assigns reasons.
CALOGERO, Justice, dissenting.
I dissent. I am of the opinion that Argument No. 1 (Assignments of Error Nos. 4 and 7) has merit. Objection was made in these assignments to the hearsay testimony of the witness from the Jefferson Parish Sheriff's Department. The witness testified as an expert despite his admission that he had not run the test and in fact was not qualified to run the test. This witness who was not qualified as an expert was allowed to testify as to his conclusion that the substance tested was heroin based on his observation of a graph read-out which gives the results produced by the test. The testimony was clearly hearsay and should have been excluded.
Furthermore, I find merit in Assignment of Error No. 13. There was a violation of the sequestration order when a state informant after being admonished not to discuss the case with other witnesses engaged in a conversation with two police agents. The agents suggested to the informant that he might testify that he did not remember. Thereafter, while being examined by the defense the witness had difficulty remembering, admitting that he was confused even about the conversation that he had with the police agents in the hallway during the trial.
NOTES
[*] Chief Judge PAUL B. LANDRY, retired participated in this decision as an Associate Justice Ad Hoc.