431 So.2d 808 (1983)
STATE of Louisiana
v.
Kenner ALLEN.
No. KA-0184.
Court of Appeal of Louisiana, Fourth Circuit.
April 22, 1983.
*810 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William R. Campbell, Jr., Asst. Dist. Atty., New Orleans, for appellee, State of Louisiana.
Lloyd N. Frischhertz, New Orleans, for appellant Kenner Allen.
Before CIACCIO, SCHOTT, and WILLIAMS, JJ.
CIACCIO, Judge.
Defendants Bernard Moss, Kenner Allen and Eva Davis were charged in a two count bill of information with possession with intent to distribute marijuana and phencyclidine (PCP), both offenses in violation of La.R.S. 40:966. After a two day jury trial defendant Allen was found guilty of possession with intent to distribute marijuana and guilty of attempted possession with intent to distribute PCP. Defendant Moss was tried by the judge and was found guilty of possession of marijuana and PCP. Defendant Davis also was tried by the judge and was found guilty as charged to the marijuana charge and not guilty of the PCP charge. Defendants Davis and Moss have dismissed their respective appeals. Only the appeal of defendant Allen remains for our consideration.
Trial testimony described two conflicting accounts concerning the events leading up to defendants' arrest, one related by the police officers who made the arrests, and the other told by the three defendants and a friend who observed some of the action from across the street. According to testimony by Officers Deal, Gonzales, Zanco, Marshall and Mattio, defendant Allen had been under investigation for illegally selling drugs for some time. On December 20, 1981, at 9:00 p.m. Officers Zanco, Marshall, Gonzales and Mattio met with a confidential informant. The informant told the officers that he had purchased marijuana and PCP at about 8:00 p.m. from "Kenny" at 2517 Mazant Street, (this residence is owned by Eva Davis, who is Allen's girlfriend and the mother of two of his children). After receiving this information, the officers conducted a surveillance of the residence from 9:00 p.m. until 1:00 a.m. and observed approximately ten to fourteen persons enter the residence, stay a short time and then leave. Based upon their knowledge of the informant, the information supplied and the results of the surveillance, the next day at 3:30 p.m., the officers secured a warrant from the Orleans Parish Criminal District Court, to search 2517 Mazant Street for marijuana, PCP and narcotics paraphernalia.
At 4:30 p.m. Officers Zanco, Marshall, Gonzales and Mattio, now joined by Officer Deal, proceeded to 2517 Mazant Street to execute the warrant. When they arrived, they observed Bernard Moss, standing on the porch, throw five brown envelopes off the left side of the porch. Officer Gonzales retrieved the envelopes and found they contained what he believed to be marijuana. Officer Mattio advised Moss that he was under arrest. Officer Gonzales then searched him and found five tin foil packets containing a white powder believed to be PCP and four hand-rolled marijuana cigarettes.
The officers then forced open the front door, announced that they were police officers and that they had a warrant to search the residence. Upon entering, Kenner Allen was observed sitting in the living room leaning over a one pound bag of marijuana and a triple beam scale. The officers also observed three females, one being Eva Davis, sitting in the living room with Allen.
According to officers Deal and Zanco, defendant Allen, upon seeing the officers, stated that the drugs were his and to leave *811 the woman out of it. This testimony was admitted over the objection of defense counsel. Officer Deal placed Allen under arrest and advised him of his Miranda rights. A contemporaneous search of the residence revealed six tin foil packets of PCP discovered by Officer Gonzales in the freezer compartment of the refrigerator in the kitchen. Defendants Davis, Moss and Allen were then transported to central lockup.
Testimony by the officers further revealed that a prior search of 2517 Mazant had been executed pursuant to a warrant based on information received by this same confidential informant. That search, conducted on November 11, 1981, failed to reveal any contraband. The aforementioned triple beam balance scale was seized and a stolen gun was found, but charges were subsequently dismissed. This information was not contained in the search warrant application made on December 21, 1981.
The defendants' testimony presents a radically different story. The defendants testified that Officer Deal, after breaking in the front door, threw a large bag of marijuana onto the floor from under his coat and stated that it belonged to Allen. Allen denied making the inculpatory statement previously mentioned. Defendant Moss contended that he had only a small amount of marijuana in his possession and that Officer Mattio placed drugs on him while stating, "This is what I have been looking for." The defendants also testified that the seized scales were not used for illegal purposes but for household needs, yet defendant Davis was unable to correctly work the scale when requested to do so by the prosecutor.
Defendant Allen's appellate brief addresses seven assignments of error. Oral argument was not conducted. Assignments of error not briefed or argued are deemed abandoned. State v. Williams, 366 So.2d 1365 (La.1978). We will address, therefore, only those seven assignments which are briefed.
Defendant's first assignment argues that the trial court committed reversible error by denying his request to have the marijuana charge tried by a jury and the PCP charge tried by the judge.
The issue is one of first impression in this State: Does a defendant charged by a two count bill of information have the right to demand a bifurcated trial wherein the judge decides one charge and a jury decides the other charge? We hold that he does not.
The trial court denied defendant's motion to split the two counts and told him that he could be tried on both counts by a jury or on both counts by the court alone. Defendant elected trial by jury on both counts.
Defendant's right to be tried by a jury in this case is found in La. Const. Art. 1 Section 17. This section also states, "Except in capital cases, a defendant may knowingly and intelligently waive his right to a trial by jury." La.C.Cr.P. Art. 780 also mentions waiver of jury trial by stating, "A defendant charged with any offense except a capital offense may knowingly and intelligently waive a trial by jury and elect to be tried by the court." See also La.C.Cr.P. Art. 782.
The right to a jury trial in criminal cases is fundamental to our system of justice. Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). Conversely, there is no federal constitutional right not to be tried by jury, except in the very unusual case where a fair jury trial is impossible or unlikely. United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968); Singer v. United States, 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965). In State v. Toomer, 395 So.2d 1320 (La.1981), the Louisiana Supreme Court stated, at page 1330, "There is clearly no state constitutional right not to be tried by jury, except in the very unusual case where a fair jury trial is impossible or unlikely." (citations omitted) (emphasis supplied). Defendant has not shown that a fair trial by jury in this case was impossible or unlikely. State v. Toomer, supra; State v. Manning, 380 So.2d 54 (La.1980); State v. Muller, 351 So.2d 143 (La.1977). In this case the defendant could have elected to be *812 tried by the judge on both counts, but elected not to do so.
The trial court has a duty and may exercise its discretion to insure that the proceedings are conducted in an orderly and expeditious manner. The court has the inherent power to control the proceedings so that justice is served. La.C.Cr.P. Art. 17. Defendant was properly charged in one bill of information with both counts. La.C. Cr.P. Art. 493. It was proper for the court to try both counts at the same time. The court did not prevent defendant from electing the mode of trial; the court only required that defendant elect the same mode for both counts. Since defendant does not have a right not to be tried by a jury, and in light of the trial court's inherent powers to control the proceedings, we find no error in the action of the trial court. This assignment lacks merit.
By his second assignment defendant contends that the trial court erred in denying his Motion to Suppress the Evidence on the basis that the supporting affidavit was defective since it did not establish that the informant was reliable.
La.C.Cr.P. article 162 states, in relevant part:
A search warrant may issue only upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts establishing the cause for issuance of the warrant ...
Probable cause exists when the facts and circumstances within the affiant's knowledge and of which he has reasonable, trustworthy information, are sufficient to support a reasonable belief that an offense has been committed and that evidence or contraband may be found at the place to be searched. State v. Johnson, 408 So.2d 1280 (La.1982).
A search warrant affidavit containing hearsay information supplied by an informant must meet the criteria established by Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). Aguilar enunciates a two-prong test, consisting of (1) the "basis of knowledge" test and (2) the "veracity" test. Here, the "basis of knowledge" test is satisfied because the issuing judge was informed of the underlying circumstances from which the informant concluded that drugs were located at 2517 Mazant Street, viz, the informant personally observed a quantity of marijuana and PCP at this address and bought drugs from the defendant. State v. Duncan and Duncan, 420 So.2d 1105 (La.1982); State v. Hernandez, 408 So.2d 911 (La.1981); Aguilar v. Texas, supra. Direct personal observation by an eyewitness-informant establishes the reliability of his information and satisfies the "basis of knowledge" test. State v. Stephenson, 387 So.2d 1111 (La.1980); State v. Mosley, 412 So.2d 527 (La.1982).
As for the "veracity test", an affidavit that sets forth that the informant has supplied information which has led to arrests in the past, as does the affidavit in the instant case, is sufficient to establish the inherent credibility of the informant. State v. Roubique, 421 So.2d 859 (La.1982); State v. Duncan and Duncan, supra; State v. Mosley, supra. So here the "veracity test" is satisfied.
Defendant contends however that the omission of certain facts in the search warrant application renders the warrant invalid and the subsequent search and arrest illegal. More particularly, Allen argues that had the issuing judge known that a prior search of this residence, pursuant to a warrant based on information from this same informant revealed no drugs, he would not have issued the warrant or would have required substantial verification of the informant's information. In State v. Lehnen, 403 So.2d 683, 686 (La.1981) the Supreme Court set forth the approach to be taken when facts are omitted from a search warrant application: "The court reviewing the warrant must consider the affidavit as though the omitted facts were included and then evaluate the presence of probable cause in light of these added facts." Furthermore, in State v. Roubique, supra, the court stated:
Affidavits, by their nature, are brief, and some factual details must be omitted. *813 Unless the omission is willful and calculated to conceal information that would indicate that there is not probable cause or would indicate that the source of other factual information in the affidavit is tainted, the omission will not change an otherwise good warrant into a bad one.
In this present case, the fact that six weeks earlier the same informant supplied information relating to this residence which did not lead to the discovery of drugs must be included with the facts submitted in the search warrant application to determine if probable cause exists. It does not appear that the omission of this fact was intentional or calculated to conceal information that would negate the existence of probable cause. In both of the above cited cases, the Supreme Court found that the omitted facts, when added to the facts submitted in the warrant application did not render the warrant and subsequent search invalid. Here, we find that the inclusion of the omitted facts "will not change an otherwise good warrant into a bad one." This assignment lacks merit.
By his third assignment, the defendant contends that he was improperly restricted during his cross examination of Officer Marshall. The testimony reads as follows:
Q. When you find narcotics on a premise, do you normally find a large quantity of money as well?
BY MR. PEEBLES:
Objection, Your Honor.
BY THE COURT:
It's sustained.
BY MR. FRISCHHERTZ:
Note my objection, Your Honor.
EXAMINATION BY MR. FRISCHERTZ
Q. Do you know how much money was seized?
A. On this Warrant?
Q. Yes.
A. I believe it's $127.00.
Q. Do you know where it came from?
A. No, I don't recall.
Q. Did you conduct any searches yourself?
A. I searched through the house, yes.
Generally speaking, a witness can testify "only as to facts within his knowledge, and neither as to any recital of facts heard by him, nor as to any impression or opinion that he may have." LSA-R.S. 15:463. An exception to this rule is provided for expert witness testimony in LSA-R.S. 15:464: "On questions involving a knowledge obtained only by means of a special training or experience the opinion of persons having such special knowledge are admissible as expert testimony." In this present matter, the defense counsel was attempting to elicit information which is admissible only when testified to by a witness with special experience or training. State v. Wheeler, 416 So.2d 78 (La.1982); State v. Johnson, 404 So.2d 239 (La.1981). However, no evidence was presented to qualify this witness as an expert in the packaging, sale and distribution of controlled dangerous substances. Officer Marshall did not testify as to his experience as a police officer or his experience with drug related crimes nor did he state whether he had ever had any dealings with drug arrests.
Moreover, the rulings of a trial judge as to the scope and extent of cross-examination should not be disturbed in the absence of an abuse of discretion. State v. Coleman, 406 So.2d 563 (La.1981); State v. Eaker, 380 So.2d 19 (La.1980). We find that the trial court did not abuse its discretion by refusing to allow the question in this present matter. This assignment lacks merit.
Defendant's fourth assignment of error argues that the evidence was insufficient to establish guilt beyond a reasonable doubt on either of the two counts.
In considering the sufficiency claim, the standard of review is whether, "after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 *814 (1979); State v. Stewart, 400 So.2d 633 (La. 1981); State v. Harveston, 389 So.2d 63 (La.1980).
In this case, the defendant was charged with possession with intent to distribute PCP, but was convicted of attempted possession with intent to distribute PCP. A person is guilty of an "attempt" to commit a crime if, "having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object ..." La.R.S. 14:27. The intended offense is set forth in La.R.S. 40:966 A. (1): "it shall be unlawful for any person knowingly or intentionally to ... possess with intent to ... distribute... a controlled dangerous substance classified in Schedule I ..."
The prosecution is not required to prove actual possession, but needs only to show that the defendant exercised dominion or control over the illegal substance. State v. Walker, 369 So.2d 1345 (La.1979); State v. Edwards, 354 So.2d 1322 (La.1978); In State v. Smith, 257 La. 1109, 245 So.2d 327 (1971), the court held that "a person may be in constructive possession of a drug even though it is not in his physical custody, if it is subject to his dominion and control."
In this case the State proved (1) six tin foil packets containing PCP were found in the freezer compartment of a refrigerator in the kitchen of a residence owned by Eva Davis, defendant's girlfriend, the mother of two of his children; (2) the defendant arrived at this residence approximately ten minutes prior to the officers' search; (3) the defendant was found in the living room leaning over a one pound bag of marijuana and a triple beam balance scale; (4) the defendant had been seen at the residence two or three times a week for the previous two weeks; (5) Eva Davis did not know how to operate the scale; (6) upon execution of the warrant when the officers first found the defendant, he blurted out that the "dope" was his and to leave the woman (presumably Eva Davis) out of it; (7) Co-defendant Moss was found on the porch of the residence in possession of five tin foils of PCP, some "dime bags" of marijuana and four "joints."
After reviewing the evidence in the light most favorable to the prosecution, we find that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This assignment lacks merit.
As to the marijuana charge, the defendant contends that the evidence was insufficient to prove an intent to distribute the marijuana. The requisite specific intent may be based upon a reasonable jury inference from circumstantial evidence, such as the quantity of the illegal drug and the surrounding circumstances of its possession. State v. Sibley, 310 So.2d 100 (La. 1975). In this present case, the state presented evidence that the defendant was leaning over a table where a one pound bag of marijuana, a triple beam balance scale and individual, small "baggies" were placed. The quantity of marijuana and the surrounding circumstances indicate that a reasonable jury could infer that the defendant possessed the requisite specific intent. This portion of defendant's assignment lacks merit.
By his fifth assignment defendant contends that the trial court erred by allowing Officer Gonzales to testify that a stolen gun was seized during a previous search of 2517 Mazant Street.
It is well settled that in order to preserve an issue for appellate review, a party must first direct his request or complaint to the trial court, by motion or exception. State v. Johnson, 404 So.2d 239 (La. 1981); State v. Kelly, 375 So.2d 1344 (La. 1979). La.C.Cr.P. Art. 841 states:
An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. A bill of exceptions to rulings or orders is unnecessary. It is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take, or of his objections to the action of the court, and the grounds therefor.

*815 The requirement of an objection shall not apply to the court's ruling on any written motion.
The underlying rationale for this rule is that a party should not be allowed to gamble on a favorable verdict and then, upon conviction, resort to appeal on errors which either could have been corrected by the trial court or should have put an immediate end to the trial. State v. Lewis, 353 So.2d 703 (La.1977).
Generally, a contemporaneous objection must be made immediately, however, in certain instances objections which come shortly thereafter will be considered timely. State v. Lee, 346 So.2d 682 (La. 1977); State v. Foss, 310 So.2d 573 (La. 1975). Furthermore, it is well settled that the defendant must state the basis for his objection and an objection stating no basis presents nothing for the appellate court to review. State v. Dupar, 353 So.2d 272 (La. 1977); State v. Lewis, supra.
In this present matter, the defense counsel did not make a contemporaneous objection to the alleged error (the disputed testimony is stated on pages 239, 251, 252 of the transcript by two, separate witnesses yet any objection by the defense counsel does not occur until page 260; see State v. Foss, supra) nor does counsel state a basis for his challenge (defense counsel stated "Additionally there were other remarks concerning a stolen gun that were never-no evidence was entered substantiating that" Tr. pg. 260). Therefore, there is nothing for this court to review and this contention has been waived. State v. Kelly, supra; State v. Dupar, supra. This assignment lacks merit.
Defendant's sixth assignment of error contends that the trial court committed reversible error when the state was permitted to recall witnesses, allegedly in violation of a sequestration order.
In State v. Lewis, 367 So.2d 1155, 1158-1159 (La.1979) the Louisiana Supreme Court stated:
An order of sequestration is intended to assure that a witness will testify as to his own knowledge of the case without being influenced by the testimony of other witnesses, and to strengthen the role of cross-examination in developing the facts. State v. Bias, 337 So.2d 426 (La. 1976). However, not every violation of a sequestration order must result in exclusion of the witness' testimony because the decision to disqualify is within the sound discretion of the trial judge. C.Cr.P. 764; State v. Johnson, 343 So.2d 155 (La.1977); State v. Badon, 338 So.2d 665 (La.1976). On review, this court will look to the facts of the individual case to determine whether the violation resulted in prejudice to the defendant, State v. Ardoin, 340 So.2d 1362 (La.1976); State v. Barnard, 287 So.2d 770 (La.1973), and will inquire whether the exposure was sufficient to affect the witness' testimony or to undermine the opposing party's ability to cross-examine. State v. Bell, 346 So.2d 1090 (La.1977).
In State v. Badon, 338 So.2d 665 (La.1976) the court was faced with the identical fact situation as is now before this court and found that the trial court did not abuse its discretion by allowing the police officers to testify. Since this present case is identical to State v. Badon, supra, and the officers testimony does not disclose any indication of collusion or fabrication such a violation of the sequestration rule does not require exclusion of their testimony. State v. Parker, 421 So.2d 834 (La.1982). State v. Badon, supra. This assignment lacks merit.
By the defendant's final assignment of error it is argued that the court erred in failing to grant a motion for mistrial when Officer Deal made reference to marijuana residue discovered during a previous search of 2517 Mazant Street on November 10, 1981. The disputed testimony is as follows:
Q. After reviewing your records, can you tell us what was seized on November 10th?
A. Right. We seized a long musket type of antique gun with some black powder, a couple of carry tote bags that have some residue that appeared to be Marijuana residue.
BY MR. FRISCHHERTZ:
I am going to object, Your Honor, to any testimony what it is.

*816 BY THE COURT:
The objection is sustained. Ladies and Gentlemen of the Jury, you are to disregard the last statement made by this witness.
BY THE WITNESS:
They had residue inside the
BY THE COURT:
Wait a minute, Officer. I just sustained the objection. Ask the next question. Let's ask them more specifically.
A direct or indirect reference to a crime committed or alleged to have been committed by a defendant, as to which evidence would be inadmissible made within the hearing of the jury by the judge, district attorney, or a court official, during trial or in argument would require a mistrial on motion of the defendant. La.C. Cr.P. Art. 770(2). However, under Louisiana jurisprudence a police officer is not considered a "court official", State v. Hayes, 414 So.2d 717 (La.1982); State v. Carter, 412 So.2d 540 (La.1982), and therefore La.C.Cr.P. Art. 771 would be the applicable article to the instant situation.
La.C.Cr.P. Art. 771 provides.
In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
(1) When the remark or comment is made by the judge, the district attorney, or a court official, and the remark is not within the scope of Article 770; or
(2) When the remark or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of Article 770.
In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial.
This article leaves the decision as to whether to grant a mistrial or admonition to the sound discretion of the trial court. State v. Goods, 403 So.2d 1205 (La.1981). A mistrial is a drastic remedy and, except in instances in which it is mandatory, is only warranted if substantial prejudice results which would deprive the defendant of a fair trial. State v. Tribbet, 415 So.2d 182 (La. 1982); State v. Harris, 383 So.2d 1 (La. 1980).
However, an investigating officer is closely related to the district attorney in presentation of the prosecutor's case. "Therefore, a prejudicial remark by an experienced police officer should be viewed with considerable concern as to the fairness of the trial, and may require granting a mistrial, especially if the remark was precipitated by or should have been anticipated by the district attorney." State v. Douglas, 389 So.2d 1263, 1266 (La.1980).
Applying these principles to the present matter, we do not find that the trial court abused its discretion in admonishing the jury to disregard the remarks rather than granting the motion for a mistrial. Obviously the trial judge determined that the circumstances did not justify the declaration of a mistrial. The witness' remarks did not connect the defendant with other crimes but were vague, ambiguous references to residue discovered at Eva Davis' residence on a prior occasion. The present case does not reveal an abuse of discretion warranting the substitution of our judgment for that of the trial judge who conducted the trial, heard the remarks, and was in the best position to assess its impact. State v. Douglas, supra at 1266. This assignment lacks merit.
For the reasons assigned the conviction is affirmed.
AFFIRMED.
SCHOTT, J., dissents in part with written reasons.
SCHOTT, Judge, dissenting in part.
I respectfully dissent from that portion of the judgment of my colleagues which affirms *817 defendant's conviction of attempted possession with intent to distribute PCP.
Defendant's conviction of this charge was based on circumstantial evidence, seven elements of which are listed in the majority opinion. In our review we must determine that, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have concluded beyond a reasonable doubt that every reasonable hypothesis of defendant's innocence has been excluded. State v. Austin, 399 So.2d 158 (La.1981). This was not defendant's house but Davis's. A most reasonable hypothesis is that the PCP in her freezer was hers. Moss had tin foil containing PCP on his person. Another reasonable hypothesis is that the tin foil wrapped PCP in Davis's freezer was his.
In the final analysis, the state proved only that defendant was in Davis's house when PCP was found in her freezer. The mere presence of someone in the area where the controlled dangerous substance is found, or the mere fact that someone knows the person who is in actual possession of the controlled substance is insufficient to constitute possession by that person. State v. Walker, 369 So.2d 1345 (La.1979).