439 So.2d 595 (1983)
STATE of Louisiana
v.
Larry DAIGLE.
No. 83 KA 0075.
Court of Appeal of Louisiana, First Circuit.
October 11, 1983.
*596 Bernard E. Boudreaux, Jr., Dist. Atty., Walter J. Senette, Jr., Asst. Dist. Atty., Franklin, for appellee.
Robert P. Fuhrer, Franklin, for appellant.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
ALFORD, Judge.
Larry Joseph Daigle, defendant herein, was charged by bill of information with committing second degree battery in violation of La.R.S. 14:34.1. He pled not guilty and was tried by a six person jury, which found him guilty as charged. The trial court sentenced him to serve five years at *597 hard labor under the supervision of the Department of Corrections. The sentence was suspended and defendant was placed on supervised probation for a period of four years with various conditions attached, one of which is that he serve 6½ months in the parish prison with credit for time already served. Defendant has raised three assignments of error.
We affirm.
On the day of the incident, defendant's wife and victim herein, Linda Daigle, was told that her husband from whom she was legally separated, was waiting for her outside the front door of the building where she worked. Because she feared for her safety, Mrs. Daigle attempted to leave by the back door, but defendant apparently followed her as she attempted to get into her car. Becoming frightened, the victim attempted to return to her office. At this point, the record reflects that defendant blocked the door and then hit Linda in the jaw, knocking her to the ground. She later discovered it had been broken in two places. She testified that even after she was on the ground, he continued to beat her with her purse. Linda eventually was able to return to her office where she and a fellow employee attempted to call the police. The victim testified that the defendant followed her, making violent threats and grabbing the phone away from her and the other employee, preventing them from calling the police. Eventually, another employee entered the front door and upon realizing what was transpiring, left and called the police. The police arrived and arrested defendant.
ASSIGNMENT OF ERROR NUMBER 1:
In his first assignment of error, defendant alleges that the trial court erred in refusing to exclude the testimony of Linda Daigle, the victim herein and a witness at trial.
On the first day of trial, after the jury was chosen, the trial court placed the witnesses under a sequestration order at the request of the defendant. Later that afternoon, Murphy Armelin was subpoenaed as a witness for defendant. Mr. Armelin called Ms. Daigle after she had returned home and asked her if this was the incident involving her former husband. She replied yes, but according to Mr. Armelin, they did not discuss any of the details of the incident.
After hearing Mr. Armelin's testimony, the trial court ruled that Ms. Daigle had not violated the sequestration order and allowed her to testify.
An order of sequestration is intended to assure that a witness will testify concerning his own knowledge of the case without being influenced by the testimony of prior witnesses and to strengthen the role of cross-examination in developing facts. State v. Kimble, 407 So.2d 693 (La. 1981); State v. Benitez, 381 So.2d 815 (La. 1980). This provision vests discretion in the trial judge to disqualify a witness when a rule of sequestration has been violated. Kimble, 407 So.2d at 697.
After reviewing Mr. Armelin's testimony regarding the conversation, we find that Mr. Armelin and Ms. Daigle did not violate the sequestration order. They simply never discussed the details of the case, or what the testimony of either one would be. Benitez, 381 So.2d at 818. Additionally, defendant never called Mr. Armelin as a witness for his defense at the trial on the merits. Since the purpose of sequestration of witnesses is to insure that a witness will testify from his own knowledge of the case without being influenced by the testimony of other witnesses, it is apparent from a reading of the record that that purpose was not violated herein. Accordingly, we find this assignment of error lacks merit.
ASSIGNMENT OF ERROR NUMBER 2:
In assignment of error number two, defendant alleges that his conviction should be reversed because the verdict is contrary to the law and evidence.
We note that the proper procedure for raising this issue is by a motion for new trial. La.C.Cr.P. art. 851(1); State v. Brown, 421 So.2d 854 (La.1982). In the *598 instant case, defendant has failed to follow proper procedure. However, although this issue was not raised by the procedural vehicle of a motion for new trial, we will consider the sufficiency of the evidence to determine whether it met constitutional standards when the matter is raised by formal assignment of error as in the instant case. State v. Washington, 421 So.2d 887 (La. 1982); State v. Edwards, 400 So.2d 1370 (La.1981).
Defendant argues that the state failed to prove two essential elements of the crime. First, he asserts that the state did not show that the battery was "committed" without the consent of the victim. Second, he alleges that the state failed to prove that the offender "intentionally" inflicted serious bodily injury.
In reviewing a conviction for sufficiency of evidence, due process requires the reviewer to ascertain whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt, accepting the facts most favorable to the prosecution. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Washington, 421 So.2d at 889-890.
In attempting to determine whether defendant intended to inflict serious bodily injury on the victim, we are forced to look at circumstantial evidence given the present set of facts. Since circumstantial evidence must be considered, a second standard of review is applicable: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence. La.R.S. 15:438; State v. Graham, 422 So.2d 123 (La.1982); State v. Hoffer, 420 So.2d 1090 (La.1982).
We can see absolutely no merit to defendant's assertions. Linda Daigle testified that she did not consent to the beating. Although she attempted to escape from the defendant and call the police, Daigle was physically prohibited from doing such by the defendant. This certainly does not indicate that she willingly submitted to the beating and defendant's allegations otherwise are without substantiation in the record.
The crime of second degree battery requires a showing of specific intent. State v. Fuller, 414 So.2d 306 (La.1982). Specific intent is defined as the state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act. La.R.S. 14:10(1).
Here, we find that defendant most assuredly desired the prescribed criminal consequences to follow his actions. The initial blow from defendant's fist was of such strength that it knocked the victim to the ground. Following this, the testimony indicates the defendant continued to hit Linda with her purse and kick her with his feet. Clearly, defendant's assault indicated an intention to inflict serious bodily injury on Linda Daigle.
After a review of the evidence herein, we find that there is sufficient evidence to support the verdict. Accordingly, we find this assignment lacks merit.
ASSIGNMENT OF ERROR NUMBER 3:
Assignment of error number three was waived on appeal.
Having reviewed the assignments of error briefed herein and finding no merit to them, we affirm defendant's conviction.
AFFIRMED.