KNOLL, Judge.
The defendant, Jessie J. Deters, was charged with attempted aggravated rape, violations of LSA-R.S. 14:27 and 14:42. He was tried and convicted as charged by a unanimous twelve member jury. After his conviction the defendant was billed and found guilty of being an habitual offender, second, and sentenced to serve 99 years at hard labor with the Department of Corrections without eligibility for good time under the provisions of LSA-R.S. 15:571.3, to run consecutive to any other sentence. Defendant attacks his conviction and sentence raising the following assignments of error: (1) the trial court erred in denying defendant’s motion for mistrial when a law enforcement officer gave unsolicited testimony concerning other arrests of defendant; and (2) the sentence was constitutionally excessive. We affirm.
FACTS
On March 29, 1986, at approximately 10 p.m., Catherine Ellis, the victim, was driving her car toward Alexandria on U.S. Highway 165 (commonly known as the Lake Charles Highway). She stopped at a convenience store along the way to purchase gasoline. When she got back on the highway, she noticed a car following her with a flashing red light. She slowed down and the car continued to follow her. She eventually pulled off the road and the car following her pulled in behind her. The defendant, impersonating a law enforcement officer, approached her and told her a car resembling the one she was driving had been stolen and that he needed to see her vehicle registration papers. He told her to get the papers and to get in his car. When she got in defendant’s car, he attempted to rape her; he grabbed her by the neck and threatened her with a gun. She struggled and was finally able to get out of his vehicle and run to her car.
At the same time, State Trooper Lynn Anderson drove by and observed the struggle in the front seat of defendant’s car. He turned around and saw the woman run from defendant’s vehicle. Defendant’s vehicle pulled onto the highway at a high rate of speed and was pursued and stopped by Trooper Anderson. The victim drove up and told Trooper Anderson that the defendant tried to rape her. The defendant was arrested and several of the victim’s person *1042 al effects were recovered from defendant’s car.
ASSIGNMENT OF ERROR ONE
Defendant’s first contention of error is that the trial court erred in refusing to grant a mistrial when Trooper Anderson, testifying on behalf of the State on direct examination, made an unsolicited response concerning other arrests of defendant. He argues that a mistrial should have been granted under LSA-C.Cr.P. Art. 771, since an admonition was insufficient.
Article 771 authorizes a trial court to grant a mistrial when a witness comments on other crimes alleged to have been committed by defendant if it is satisfied an admonition is insufficient to assure defendant a fair trial. Granting a mistrial is within the discretion of the trial court in situations not covered by LSA-C.Cr.P. Art. 770 and should only be used in those situations which might result in substantial prejudice to the defendant. State v. Burdgess, 434 So.2d 1062 (La.1983). A mistrial is a drastic remedy and, except in instances in which it is mandatory, is only warranted if substantial prejudice results which would deprive the defendant of a fair trial. State v. Allen, 431 So.2d 808 (La.App. 4th Cir.1983).
The unsolicited testimony consisted of mentioning two arrests related to the instant offense when Trooper Anderson stopped defendant. While Trooper Anderson was on direct examination by the State, he made the following unsolicited comment:
“Q . What felony charge did you arrest the accused on?
A. I charged Mr. Deters with attempted aggravated rape.
Q. All right. Thank you.
A. Possession of marijuana, speeding (Interruption)”
[Objection by defense counsel]
The trial court gave the following admonition to the jury:
“BY THE COURT: Ladies and gentlemen of the jury, the witness testifying just mentioned the fact that the defendant was arrested on a charge of aggravated rape and possession of marijuana. He is not being tried today on a charge of possession of marijuana. The remark by the officer should not have been made. It is irrelevant to these proceedings. You are admonished by the Court to ignore that remark. That remark is to have no part in your deliberations. In other words, if you can, erase it from your mind and pretend it was never said....”
Upon hearing the unsolicited answer of Trooper Anderson, defense counsel immediately objected and moved for a mistrial. The trial court denied the motion and properly admonished the jury to erase from their minds the comments that Trooper Anderson had made about other crimes. Clearly the State did not solicit the answer nor was the unsolicited answer embellished by the State. The defense counsel was quick to object and although the trial court overruled the objection, it thoroughly admonished the jury to disregard the comments. The trial court was in the best position to determine if the reference to other arrests was so prejudicial to defendant as to deny him a fair trial. We have carefully reviewed the record and find that the unsolicited answer was not so prejudicial as to require the drastic remedy of a mistrial. The trial court’s admonition to the jury was sufficient to cure any prejudicial effect if any existed. Therefore, this assignment is without merit.
ASSIGNMENT OF ERROR TWO
Defendant contends the trial court erred in imposing an unreasonable and excessive sentence. He argues that he was given the maximum sentence under the habitual offender statute and that he does not qualify for the maximum sentence under Louisiana jurisprudence.
The sentence for attempted aggravated rape is imprisonment at hard labor for not more than 50 years. LSA-R.S. 14:27 and 14:42. Since defendant was sentenced as a second offender under the Habitual Offender Law, LSA-R.S. 15:529.1, his possible exposure to incarceration was not less *1043 than 16% years nor more than 100 years. In addition, defendant was not eligible for diminution of sentence for good behavior under the provisions of LSA-R.S. 15:571.3 C(l)(r), (2) and (3) which is mandatory.
Article I, Section 20 of the Louisiana Constitution prohibits the imposition by law of excessive punishment. For a sentence to be excessive, the penalty must be so disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Bonanno, 384 So.2d 355 (La.1980). The sentencing court is given wide discretion in imposing a sentence within statutory limits. State v. Square, 433 So.2d 104 (La.1983). A sentence may be within statutory limits and still be excessive. State v. Sepulvado, 367 So.2d 762 (La.1979). Maximum sentences are appropriately imposed in cases involving the most serious violations of the described offense, and the worst kind of offender. State v. Jones, 398 So.2d 1049 (La.1981). The sentencing choice will not be set aside as excessive in the absence of manifest abuse of discretion. State v. Landos, 419 So.2d 475 (La.1982).
In the instant case, the defendant was convicted of murder in Texas in 1973. On January 12, 1984, he was released on parole to the State of Louisiana; his parole would have expired the year 2056. Two years after he was on parole, he was convicted of the instant offense. Because of his prior conviction he was subject to Louisiana’s Habitual Offender Law provided by LSA-R.S. 15:529.1. This statute provides in pertinent part:
“A. Any person who, after having been convicted within this state of a felony, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government or country of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:
(1) If the second felony is such that upon a first conviction the offender would be punishable by imprisonment shall be for a determinate term not less than one-third the longest term and not more than twice the longest term prescribed for a first conviction; ...”
Thus the maximum sentence that defendant could have received was 100 years. The sentencing court imposed 99 years without eligibility for good time and consecutive to any other sentence. LSA-R.S. 15:571.3 provides for the diminution of sentence for good behavior. This statute provides in pertinent part:
“B. Every inmate in the custody of the Department of Corrections who has been convicted of a felony and sentenced to imprisonment for a stated number of years or months may earn a diminution of sentence by good behavior and performance of work or self improvement activities or both to be known as ‘good time.’ Those inmates serving life sentences will be credited with good time earned which will be applied toward diminution of their sentences at such time as the life sentences might be commuted to a specific number of years. The director of corrections shall establish procedures for awarding and recording of good time and shall determine when good time has been earned toward diminution of sentence. The amount of diminution of sentence allowed shall be as otherwise provided by law.
C. Diminution of sentence shall not be allowed an inmate in the custody of the Department of Corrections if:
(1) The inmate has been convicted one or more times under the laws of this state of any one or more of the following crimes:
(a) First degree murder.
(b) Second degree murder.
(c) Manslaughter.
(d) Aggravated battery.
(e) Aggravated rape.
(f) Forcible rape.
(g) Simple rape.
(h) Aggravated kidnapping.
(i) Simple burglary.
(k) Armed robbery.
*1044 (0 Simple robbery.
(m) A violation of R.S. 14:67 which is a felony.
(n) A violation of R.S. 14:95 which is a felony.
(o) A violation of R.S. 14:95.1 which is a felony.
(p) A violation of Chapter 9 of Title 40 of the Louisiana Revised Statutes of 1950 which is a felony.
(q) A violation of the Louisiana Controlled Dangerous Substances Law which is a felony; or
(r) Any felony which is defined as an attempt to commit one of the crimes enumerated in (a) through (q) herein, and
(2) The inmate has been sentenced as an habitual offender under the Habitual Offender Law as set forth in R.S. 15:529.1,. and
(3) The inmate’s last conviction for the purposes of the Habitual Offender Law, was for a crime: (a) Committed during the period beginning September 16, 1975 through September 9, 1977, inclusive of both dates, and the sentence of the court specifically denies eligibility for diminution of sentence, or (b) committed on or after September 10, 1977.”
It is well established that any person who has committed a felony on September 10, 1977, or thereafter, has been convicted one or more times of one of the offenses enumerated in LSA-R.S. 15:571.3 C, and is sentenced as an habitual offender is automatically denied eligibility for diminution of sentence for good behavior. State v. Curtis, 363 So.2d 1375 (La.1978); State ex rel. Bickman v. Dees, 367 So.2d 283 (La.1978).
In the present case the sentencing court had benefit of defendant’s previous criminal history and comments from other people who knew him. In sentencing defendant, the court noted the following factors: on March 27, 1969, he was charged with aggravated battery (location of offense not cited); on July 27, 1973, he was found guilty of murder in Conroe, Texas; he was given a 99 year sentence on that conviction, but was paroled on January 12, 1984, and he was on parole at the tame of the commission of the instant offense; the instant offense was committed in a very heinous manner in that defendant was impersonating a police officer, and by so doing, he attempted to commit the offense of aggravated rape on a very young girl; the activities defendant engaged in threatened the very welfare and safety of all citizens of this community or any other community by impersonating a police officer and having a red light on his car to stop his victims.
Defendant’s criminal conduct is well documented. The record shows his birthday as 3-13-47, therefore, he was 39 years of age when he committed the instant offense. The defendant is bent on a life of violent criminal conduct that threatens the public safety which classifies him as the worst kind of offender. Under these circumstances we do not find the trial court abused its sentencing discretion. This assignment of error is without merit.
DECREE
For the foregoing reasons, the conviction and sentence of the defendant are affirmed.
AFFIRMED.