PER CURIAM.
On September 11,1975, the Sabine Parish Grand Jury indicted defendant, Martin Me-shell, Jr. for the crime of second degree murder, a violation of La.R.S. 14:30.1. Defendant was tried before a twelve person jury, convicted and sentenced to serve life imprisonment at hard labor without eligibility for parole for a period of twenty years.
On appeal, defendant urges in a single assignment of error that the trial court erred in denying his motion to quash the indictment on the ground that the statute upon which the prosecution was based had been repealed.
Defendant was charged on September 11, 1975 with a second degree murder committed on May 21, 1975. At those times, La. R.S. 14:30.1, defining the charged offense, provided:
Second degree murder is the killing of a human being:
(1) When the offender has a specific intent to kill or to inflict great bodily harm; or
(2) When the offender is engaged in the perpetration or attempted perpetration of aggravated arson, aggravated burglary, aggravated kidnapping, aggravated escape, armed robbery, or simple robbery, even though he has no intent to kill.
Whoever commits the crime of second degree murder shall be imprisoned at hard labor for life and shall not be eligible for parole, probation or suspension of sentence for a period of twenty years. Added by Acts 1973, No. 111, § 1.
However, in the interim between the institution of prosecution and the commencement of trial on March 5, 1977, La.R.S. 14:30.1 was amended to redefine the crime of second degree murder as follows:
Second degree murder is the killing of a human being when the offender is engaged in the perpetration or attempted perpetration of aggravated rape, aggravated arson, aggravated burglary, aggravated kidnapping, aggravated escape, armed robbery, or simple robbery, even though he has no intent to kill. Acts 1976, No. 657, § 2.[1]
A specific intent killing, such as that charged against defendant, was excluded from the purview of La.R.S. 14:30.1 and reclassified as first degree murder under the provisions of La.R.S. 14:30, as amended by Acts 1976, No. 657, § 1. The amending legislation, providing that “all laws or parts of laws in conflict herewith are hereby repealed,” Acts 1976, No. 657, § 4, repealed former La.R.S. 14:30.1(1) insofar as it had defined a category of second degree murder. Therefore, defendant argued that the prosecution against him must be abandoned since the statutory authority for it had been withdrawn.
This argument overlooks the provisions of La.R.S. 24:171, a general saving statute operating to “save” substantive offenses which have accrued under a repealed statute and to allow prosecution, after repeal, for an offense committed while the penal provision was in effect:
The repeal of any law shall not have the effect of releasing or extinguishing any penalty, forfeiture or liability, civil or criminal, incurred under such law unless the repealing act expressly so provides, and such law shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability.
Under the general saving provision, the amendment of La.R.S. 14:30.1 did not extinguish or alter defendant’s liability for the offense committed under the former statute. See, State v. Terrell, 352 So.2d 220 (La.1977); State v. Paciera, 290 So.2d 681 (La.1974); State v. Gros, 205 La. 935, 18 So.2d 507 (1944).
Accordingly, defendant’s conviction and sentence are affirmed.
AFFIRMED.

. Additionally, a 1975 amendment amended the penalty provision of the statute to increase the period of ineligibility for parole, probation or suspension of sentence attending the mandatory life sentence from twenty to forty years. See, Acts 1975, No. 380, § 1.