THOMAS F. DALEY, Judge Pro Tempore.
The defendant, Ron Perret, was charged by bill of information with filing a false claim for insurance benefits valued between $2,500.00 and $10,000.00 in violation of La. R.S. 22:1462. Perret subsequently entered into a plea agreement and pled guilty as charged. The trial judge sentenced him in accordance with the terms of the plea agreement to three years at hard labor with credit for time served. We affirm the conviction and sentence.
On appeal Perret assigns the following error:
Whether the state has established beyond a reasonable doubt that the legislature did not intend to extinguish this prosecution.
The defendant contends the state failed to prove beyond a reasonable doubt that the repeal of the substantive statute did not extinguish the prosecution.
The defendant was charged with committing the offense “between December 13,1991 through December 18,1991.” In the interim between the institution of prosecution and the entering of the defendant’s guilty plea, the legislature repealed the substantive statute, La.R.S. 22:1462, by Acts 1992, No. 707 Section 1. Act 707 did not de-criminalize the act of insurance fraud. It did adjust and *94 revise the statutory scheme by repealing R.S. 22:1462 and 1463 and adopting 22:1221 through 22:1226.
La.R.S. 22:1462 had provided in pertinent part:
A. It shall be unlawful for any person intentionally to present or cause to be presented any written or oral statement as part of or in support of or denial of a claim for payment of other benefit pursuant to an insurance policy, knowing that such statement contains false information concerning any fact material to such claim. It shall be unlawful for any person intentionally to prepare or make any written or oral statement intended to be presented in connection with or in support of denial of any claim for payment or other benefit pursuant to an insurance policy, knowing that such statement contains false information concerning any fact material to such claim.
* * * * * *
B. (2) When the claim amounts to a value of two thousand five hundred dollars or more, but less than a value of ten thousand dollars, the offender shall be imprisoned, with or without hard labor, for not more than five years, or fined not more than five thousand dollars, or both.
La.R.S. 22:1223 now provides:
Any person who, with the intent to injure, defraud, or deceive any insurance company, or any insured or other party in interest, or any third party claimant:
(1) Presents or causes to be presented any written or oral statement including computer-generated documents as part of or in support of or denial of a claim for payment or other benefit pursuant to an insurance policy, knowing that such statement contains any false, incomplete, or fraudulent information concerning any fact or thing material to such claim; or
(2) Assists, abets, solicits, or conspires with another to prepare or make any written or oral statement that is intended to be presented to any insurance company, insured or other party in interest or third party claimant in connection with, or in support of or denial or any claim for payment of other benefit pursuant to an insurance policy, knowing that such statement contains any false, incomplete, or fraudulent information concerning any fact or thing material to such claim; is guilty of a felony and shall be subjected to a term of imprisonment, with or without hard labor, not to exceed five years, or a fine not to exceed five thousand dollars, or both, on each count. The criminal provisions of this Section shall be investigated, enforced, or prosecuted only by the proper law enforcement and prosecutorial agencies.
The definition of conduct which would constitute insurance fraud and applicable criminal penalties are now found in La.R.S. 22:1223. In the context of defendant’s criminal conduct there has been no substantive change in the law with regard to the criminal act of insurance fraud or penalties applicable.
Admittedly, the repealing act did not include “a saving clause” as to La.R.S. 22:1462 nor did it expressly provide that the liability for the offense was to be extinguished. By considering Act 707 in its entirety it is clear that the legislature did not intend that liability for insurance fraud was to be extinguished.
La.R.S. 24:171, a general saving statute, operates to “save” substantive offenses which have accrued under a repealed statute and to allow prosecution, after repeal, for an offense committed while the penal provision was in effect. See State v. Meshell, 352 So.2d 1020 (La.1977). La.R.S. 24:171 provides:
The repeal of any law shall not have the effect of releasing or extinguishing any penalty, forfeiture or liability, civil or criminal, incurred under such law unless the repealing act expressly so provides, and such law shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability, (emphasis added).
Thus, the repeal of a penal statute does not extinguish nor alter the liability for penalty of the former statute, unless the legislative so intends. State v. Paciera, 290 So.2d 681 (La.1974).
Under the general saving provision, the repeal of La.R.S. 22:1462 did not extinguish nor alter the defendant’s liability for *95 the offense committed under the former statute. Therefore, the defendant’s conviction was valid. See State v. Meshell, supra.
The defendant also argues that a reasonable person must harbor a reasonable doubt as to whether the legislature intended such an extinguishment considering that a “savings clause” was not included in the act which repealed the statute and therefore the defendant’s conviction should be quashed; however, the defendant can cite no authority which requires the state to prove beyond a reasonable doubt that extinguishment was not intended.
Moreover, the defendant pled guilty without reserving any rights to appeal. A guilty plea entered without condition or reservation waives all non-jurisdictional defects in the proceedings prior to the plea and precludes review thereof either by appeal or post-conviction remedy. State v. McKinney, 406 So.2d 160 (La.1981). By entering an unqualified plea of guilty, the defendant waived his right to appeal this issue. Even assuming the issue is before us on appeal we find no merit to defendant’s assignment of error.
Additionally, we have examined the record for errors patent and have found none.
Accordingly, for the reasons stated the defendant’s conviction and sentence are affirmed.

CONVICTION AND SENTENCE AFFIRMED.