FREDERICKA HOMBERG WICKER, Judge.
|gDefendant, John E. Spellman, appeals his convictions and sentences after pleading guilty to violating La. R.S. 14:108.1(C) by committing an aggravated flight from an officer (count one), and to violating La. R.S. 14:62 by committing a simple burglary (count two). Defendant’s appellate counsel filed a brief asserting that there are no non-frivolous issues on appeal, and moved to withdraw from this matter. Defendant has filed a pro se appellate brief setting forth several assignments of error. For the following reasons, we find defendant’s pro se assignments of error to be without merit, grant defendant’s counsel’s motion to withdraw, and affirm defendant’s convictions and sentences.

*753
PROCEDURAL HISTORY

On March 6, 2013, the Jefferson Parish District Attorney filed a bill of information charging defendant with one count of aggravated flight from an officer |s(eount one), in violation of La. R.S. 14:108.1(C), and one count of simple burglary (count two), in violation of La. R.S. 14:62. Defendant pled not guilty to these charges at arraignment. Defendant filed several pro se pre-trial motions, including a motion to suppress evidence, motion to quash the bill of information, and motion to sever the charges. Defendant later withdrew these motions.
On June 26, 2013, Defendant withdrew his not guilty pleas and, after being advised of his rights under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), pled guilty as charged. In accordance with a plea agreement, the trial judge sentenced defendant to two years imprisonment at hard labor on count one and six years imprisonment at hard labor on count two, to run concurrently with the sentence imposed in count one, and with credit for time served. On the same day, the state filed a multiple offender bill of information on count two, alleging defendant to be a second time felony offender. After being advised of his rights, defendant stipulated to the multiple offender bill. The trial judge accepted defendant’s guilty plea to the multiple offender bill. The trial judge then vacated defendant’s original sentence on count two and, pursuant to the plea agreement, sentenced defendant to six years imprisonment at hard labor, to run concurrently with the sentence imposed in count one, without the benefit of probation or suspension of sentence, and with credit for time served.[1]
On July 12, 2013, defendant filed a pro se motion for reconsideration of sentence, which was denied by the trial judge on August 5, 2013. On July 18, 2013, defendant filed a motion for appeal, which the trial judge granted on August 5, 2013. This instant appeal follows.

I .DISCUSSION

In this appeal, defendant has filed a pro se brief assigning three errors of the trial court and requesting a review for errors patent. Additionally, the attorney appointed to represent defendant for this appeal has filed a brief asserting that there are no non-frivolous issues that defendant may appeal and has moved to withdraw from her representation of defendant. For the following reasons, we find defendant’s pro se assignments of error to be without merit and grant defendant’s attorney’s motion to withdraw.

Pro Se Assignment of Error One

In his first assignment of error, defendant argues that the trial judge imposed his sentence as a second time felony offender prior to the state timely filing the bill of information alleging the same. Specifically, defendant contends that the multiple bill does not indicate the exact time it was officially stamped and filed with the clerk of court. Defendant argues that without this stamp, the state cannot show that the multiple bill was filed prior to the trial court’s acceptance of his stipulation to the multiple bill.
By stipulating to the multiple bill, defendant waived his right to a hearing and any possible non-jurisdietional defects. An unconditional plea, willingly and knowingly made, waives any and all non-jurisdictional defects and bars a defendant from later asserting on appeal that the state failed to produce sufficient proof at *754 the multiple offender hearing. See State v. Crosby, 338 So.2d 584 (La.1976); State v. Lavigne, 95-0204 (La.App. 4 Cir. 5/22/96), 675 So.2d 771, writs denied, 96-1738 (La.1/10/97), 685 So.2d 140; State v. Perret, 628 So.2d 92 (La.App. 5 Cir.1993). Therefore, defendant cannot now challenge this alleged defect after he had stipulated to the multiple bill. However, even assuming arguments, we would find defendant’s claim to be without merit.
RLa.C.Cr.P. art. 874 states that a sentence shall be imposed without unreasonable delay. State v. Jones, 08-466 (La. App. 5 Cir. 10/28/08), 998 So.2d 178, 181. Under La. R.S. 15:529.1(D)(l)(a), a habitual offender bill may be filed against a defendant who has been convicted of a felony “at any time, either after conviction or sentence.” See Jones, supra at 181. Our review of the June 26, 2013 transcript reveals that the state filed its multiple offender bill against defendant, in open court, immediately after defendant was convicted and sentenced on counts one and two. Despite defendant’s argument to the contrary, this was a timely filing of the multiple offender bill of information against defendant by the state. Accordingly, we find defendant’s first pro se assignment of error to be without merit.

Pro Se Assignment of Error Two

In his second assignment of error, defendant argues the trial court erred by imposing an enhanced sentence under La. R.S. 15:529.1, where subsection (C) of that statute prohibited that enhanced sentence. Specifically, defendant argues that the state failed to prove that the ten year cleansing period for the underlying offense used to charge defendant as a second felony offender had not elapsed. After considering the record in this case, we again find that defendant is procedurally barred from review of this assignment of error.
Prior to accepting defendant’s guilty plea, the trial judge advised defendant of his constitutional rights and told him what his enhanced sentence would be. The record indicates that defendant stipulated to the multiple bill and acknowledged that by doing so, he was giving up his right to have a hearing and to force the state to prove that not more than ten years had elapsed between the date of the commission of his current offense and the expiration of the maximum sentence of his previous conviction.
IiAs explained above, by stipulating to the multiple bill, defendant waived his right to a hearing and any possible non-jurisdictional defects. An unconditional plea, willingly and knowingly made, waives any and all non-jurisdictional defects and bars a defendant from later asserting on appeal that the state failed to produce sufficient proof at the multiple offender hearing. See State v. Crosby, supra; State v. Lavigne, supra; and State v. Perret, supra. Accordingly, we find defendant has waived any challenge that the state failed to prove the applicable cleansing period; therefore, this assignment of error is also without merit.[2]

Pro Se Assignment of Error Three

In his third assignment of error, defendant argues the trial court erred in *755 finding him guilty of committing a “simple burglary” in violation of La. R.S. 14:62, when the bill of information filed against him fails to properly charge defendant with all of the elements of the offense of La. R.S. 14:62. Specifically, defendant complains that the bill of information does not charge the essential simple burglary element of the “unauthorized entering of any dwelling or structure.” Defendant contends that the bill of information states that defendant committed simple burglary of “Kid Creole,” which he believes is the name of a person, not a dwelling or structure. Because a simple burglary cannot be committed on a person, defendant maintains that the bill of information is defective on its face.
Defendant’s argument is misplaced. The “Kid Creole” which the bill of information indicates is located at 1919 Airline Drive, is in fact a structure, and not a person. This fact is ascertainable from the probable cause affidavit of Deputy | ^Anthony Buttone, of the Jefferson Parish Sheriffs Office. In it, Deputy Buttone attested that on February 23, 2013, he responded to a burglary alarm at 1919 Airline. Upon arrival at the business, Deputy Buttone observed that the glass front door had been shattered. Defendant was seen leaving the premises in his vehicle. A high speed chase ensued before defendant’s vehicle came to a crashing halt. Defendant was eventually arrested, and found to be in possession of cigarettes that were identified as having been stolen from the gas station located at 1919 Airline. Furthermore, the transcript from the hearing at which defendant pled guilty reveals that defendant knew that he was being convicted for burglarizing a structure. During this hearing, defendant stated that he was pleading guilty because he “broke into the gas station.” For these reasons, we find this assignment of error to be without merit.

Anders Brief

Under the procedure set forth in State v. Benjamin, 573 So.2d 528, 530 (La. App. 4th Cir.1990), defendant’s appointed appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669, p. 3 (La.12/12/97), 704 So.2d 241, 242 (per curiam), asserting she has thoroughly reviewed the trial court record and could find no non-frivolous issues to raise on appeal.[3] Accordingly, appointed counsel requests to withdraw as counsel of record.
In Anders, supra, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of it. In Jyles, 704 So.2d 241, the Louisiana Supreme Court explained that an An-ders brief must demonstrate by |sfull discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.”
An appellate court must conduct an independent review of the trial court record to determine whether the appeal is wholly *756 frivolous. “When counsel files an Anders brief, an appellate court reviews several items: a) the Bill of Information to ensure that the charge is proper, b) all minute entries to ensure that defendant was present at all crucial stages of the prosecution, c) all pleadings in the record, and d) all transcripts to determine whether any ruling of the trial court provides a basis for appeal.” State v. Defrene, 07-823 (La. App. 5 Cir. 2/19/08), 980 So.2d 31, 33. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellant counsel. Id.
In this case, appointed appellate counsel’s brief demonstrates that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. The state agrees and urges this Court to grant defense counsel’s request to withdraw as counsel of record. After conducting our own independent review of the record, we agree with the assertion of defendant’s appellate counsel that there are no non-frivolous issues to raise on appeal.
First, the filed bill of information properly charged defendant with aggravated flight from an officer and simple burglary in violation of La. R.S. 14:108.1(0 and La. R.S. 14:62, respectively. As required, the bill of information |9clearly, concisely, and definitely states the essential facts constituting the offense charged and sufficiently identifies defendant and the crime charged. See La.C.Cr.P. arts. 464-466. Second, the minute entries and commitment reflect that defendant appeared at each crucial stage of the proceedings against him. Defendant appeared at his arraignment on March 7, 2013, and pled not guilty. Defendant also physically appeared in open court on June 26, 2013, for his guilty plea, his original sentencing, his multiple offender hearing, and his multiple offender sentencing. Third, defendant’s guilty pleas — on his underlying bill and his multiple offender bill — are proper. The trial judge informed defendant in open court of the sentencing range and the sentence that would be imposed in the event that he pled guilty in each instance.[4] The trial judge also advised defendant that the state would file a bill of information alleging that he was a second time felony offender on his simply burglary conviction. The trial judge informed defendant that if he then stipulated to this multiple bill that he would be sentenced to six years at hard labor, to be served concurrently with his sentence on count one and with credit for time served, but without the benefit of probation or suspension of sentence. The trial judge then advised defendant of his rights under Boykin, supra, Defendant testified that he understood that he was waiving his rights and what his sentence would be. The trial judge then accepted defendant’s guilty plea.
Thereafter, the state filed its multiple offender bill of information, and the trial judge again advised defendant of his *757 rights. After accepting defendant’s waiver of his rights and stipulation to the multiple bill, the trial judge resentenced defendant in conformity with the plea agreement.
hnAfter reviewing the transcript of defendant’s pleas, we find that defendant was informed of his underlying and enhanced sentences prior to each plea. Lastly, defendant’s original and enhanced sentences are well within statutory guidelines. See La. R.S. 14:108.1; 14:62; and 15:529.1. Further, because defendant was sentenced in conformity with his guilty plea, defendant is precluded from challenging his sentence on appeal. State v. Hill, 09-89 (La. App. 5 Cir. 5/26/09), 15 So.3d 1042, 1044.
Upon an independent review of the record, we find no non-frivolous issues for appeal. Defendant’s appointed appellate counsel has adequately demonstrated her review and analysis of the record in this case. Our independent review of the record supports counsel’s assertions set forth in her Anders brief. Therefore, we find that counsel’s request to withdraw as counsel of record should be granted.

Errors Patent

Defendant requests an error patent review. However, this Court routinely reviews the record for errors patent in accordance with La.C.Cr.P. art. 920; State v. Oliveaux, 812 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990), regardless of whether defendant makes such a request. Our review of the record reveals no errors patent which require correction.

Conclusion

Accordingly, defendant’s convictions, multiple offender adjudication, and sentences are affirmed. Defendant’s appointed appellate counsel’s motion to withdraw is hereby granted.

AFFIRMED.

. A fine of one hundred and fifty dollars to the Jefferson Parish Sheriff's Office, and forty-five dollars to the Indigent Defender Board was also imposed.

. Even were we to address this claim on its merits, we would again find it to be without merit. The official record reveals that in Twenty Fourth Judicial District Court case number 05-0290 — the predicate case cited in the multiple offender bill of information against defendant in this matter — defendant was sentenced on June 22, 2007. Minute entries reveal that, on that date, defendant was sentenced to two four-year terms of imprisonment on two counts of theft in violation of La. R.S. 14:67. These sentences were to be served concurrently, with credit for time served, at hard labor with the Department of Corrections.

. The procedure set forth in Benjamin for compliance with Anders was sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam), and adopted by this Court in State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110.

. Specifically, the trial court advised defendant that he would be sentenced to two years of imprisonment on his first count of aggravated flight from an officer and six years of imprisonment on his second count of simple burglary. Both of these sentences were to be served at hard labor in the Department of Corrections.