16-222 (La.App. 5 Cir. 12/7/16)
**STATE of Louisiana**

v.

**Kenneth SMITH**

**NO. 16–KA–222**

Court of Appeal of Louisiana,
Fifth Circuit.

December 07, 2016

ing in the 29th Judicial District Court. However, he did not request the same with respect to the tutorship proceedings.

COUNSEL FOR PLAINTIFF/APPEL-LEE, STATE OF LOUISIANA, Paul D. Connick, Jr., Terry M. Boudreaux

COUNSEL FOR DEFENDANT/AP-PELLANT, KENNETH SMITH,Frederick J. Kroenke, Jr.

DEFENDANT/APPELLANT, Kenneth Smith, In Proper Person

Panel composed of Fredericka Homberg Wicker, Robert A. Chaisson, and Hans J. Liljeberg

**LILJEBERG, J.**

⌊1⌋Defendant, Kenneth Smith, pleaded guilty to the reduced charge of manslaughter and stipulated to being a second felony offender. The trial court sentenced defendant to thirty years imprisonment at hard labor as per defendant's plea agreement with the State. Defendant's appointed appellate counsel filed an *Anders*[1] brief asserting he could not identify any non-frivolous issues to raise on appeal. Counsel also filed a motion to withdraw. For the following reasons, we affirm defendant's conviction and sentence, and grant appellate counsel's motion to withdraw.

## PROCEDURAL HISTORY AND FACTS

On March 21, 2013, a Jefferson Parish Grand Jury indicted defendant with the second degree murder of Robert Shannon in violation of La. R.S. 14:30.1. Defendant pleaded not guilty at his arraignment on April 15, 2013. Because defendant's conviction was the result of a guilty plea, the underlying facts are not fully developed in the record. However, during the plea collo-

---

1. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

quy, the State maintained that if defendant's case were to proceed to trial, it would prove beyond a reasonable doubt that on December 16, 2004, defendant stabbed the victim, Robert Shannon, multiple times.

A hearing on defendant's motions to suppress statement and evidence was held on August 29, 2013, after which the trial court denied the motions. On May 5, 2014, the trial court granted the State's request to introduce evidence of other crimes committed by defendant. On March 2, 2015, the trial court granted the defendant's request for a DNA test. In addition, pursuant to defendant's request, a *Daubert*[2] hearing was conducted on June 24, 2015. At the conclusion of the State's examination of the Jefferson Parish Sheriff's Office DNA laboratory |₂director, Elaine Schneida, the trial court ordered the *Daubert* hearing continued until the day of trial to allow defense counsel additional time to prepare her cross-examination.

On the day of trial on December 8, 2015, defendant and the State reached a plea agreement. The State amended the second degree murder charge to a reduced charge of manslaughter in violation of La. R.S. 14:31. Defendant withdrew his original

plea of not guilty, and after being advised of his *Boykin*[3] rights, pleaded guilty to manslaughter. In accordance with the plea agreement, the trial court sentenced defendant to thirty years imprisonment at hard labor.

Immediately after sentencing, the State filed a multiple offender bill of information alleging defendant to be a second felony offender.[4] Defendant stipulated to the multiple offender bill after being advised of his rights. The trial court then vacated defendant's original sentence, and pursuant to the multiple offender plea agreement, sentenced defendant as a second felony offender under La. R.S. 15:529.1, to thirty years imprisonment at hard labor without the benefit of probation or suspension of sentence. Defendant's enhanced sentence was further ordered to be served concurrently with any other sentences defendant was currently serving.

 On January 15, 2016, defendant filed a notice of appeal, which was granted by the trial court on January 25, 2016.[5] Defendant's appeal follows.

## |₃*ANDERS* BRIEF

Under the procedure adopted by this Court in *State v. Bradford*, 95–929, 95–930

---

**2.** *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

**3.** *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

**4.** The multiple bill alleges that on April 8, 1993, defendant pleaded guilty in Division "I" of Orleans Parish Criminal Court under Case No. 352–939, to violating La. R.S. 14:64, Armed Robbery. The court sentenced defendant to serve five years at hard labor.

**5.** According to La. C.Cr.P. art. 914, a defendant has thirty days from the rendition of the judgment to file a motion for appeal. Although defendant's notice of appeal is stamped as filed "January 15, 2016," which is

outside the thirty-day period, the trial court granted defendant's motion for appeal because "[t]he motion appears to have been given to prison authorities on January 7, 2016." Although defendant did not include a submission date on his notice of appeal, defendant filed several other pleadings at the same time, including his pro se "Designation of Record" and "Defendant's Designation as to Transcript," which indicate that defendant signed and submitted these pleadings to prison authorities on January 7, 2016, within the thirty-day appeal period. For the purpose of determining timeliness, a *pro se* prisoner's notice of appeal is filed upon delivery to prison authorities. *State v. Girod*, 04–854 (La.App. 5 Cir. 12/28/04), 892 So.2d 646, 653, fn. 4, *writ denied*, 05–597 (La. 6/3/05), 903 So.2d 455.

(La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110–11,[6] appointed appellate counsel filed a brief asserting that he thoroughly reviewed the trial court record and could not identify any non-frivolous issues to raise on appeal. Accordingly, pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *State v. Jyles*, 96–2669 (La. 12/12/97), 704 So.2d 241 (*per curiam*), appointed counsel requests permission to withdraw as counsel of record.

■ In *Anders, supra*, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds the case to be wholly frivolous after a conscientious examination of it. The request must be accompanied by "a brief referring to anything in the record that might arguably support the appeal" so as to provide the reviewing court "with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability" and to assist the reviewing court "in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." *McCoy v. Court of Appeals of Wisconsin, Dist. 1*, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).

■ When conducting a review for compliance with *Anders*, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. *Bradford*, 676 So.2d at 1110.

■ |₄Defendant's appellate counsel asserts that after a detailed review of the record, he could find no non-frivolous issues to raise on appeal. He states that defendant was present with counsel at all critical stages of the proceedings. He avers the trial court fully informed defendant of his *Boykin* rights and the statutory range of the penalty for his offense. He asserts defendant stated he understood his rights and the trial court accepted his plea as freely, voluntarily, knowingly, and intelligently made. Also, as to the multiple offender bill of information, appellate counsel maintains that defendant stipulated to being a second felony offender after being advised of the penalty he would receive. Defense counsel states the trial court advised defendant of his rights with regard to the multiple offender bill and defendant executed a multiple offender waiver of rights form. Counsel avers that defendant waived all non-jurisdictional defects upon entering his guilty plea, thereby precluding review of such defects on appeal. Defense counsel concludes that no pre-trial motions were preserved for appeal under *State v. Crosby*, 338 So.2d 584 (La. 1976).

Appellate counsel maintains that he forwarded his *Anders* brief and other documents in this matter to defendant, notifying him of his right to file a *pro se* brief. This Court sent defendant a letter by certified mail informing him that his counsel filed an *Anders* brief and allowing defendant time to file a *pro se* supplemental brief. In his *pro se* brief, defendant raises claims regarding an alleged speedy trial violation and he challenges the validity of his multiple offender adjudication.

This Court performed an independent review of the entire record and finds it supports appellate counsel's assertion that

---

**6.** In *Bradford, supra*, this Court adopted the procedures outlined in *State v. Benjamin*, 573 So.2d 528, 530 (La. App. 4 Cir. 1990), which were sanctioned by the Louisiana Supreme Court in *State v. Mouton*, 95–981 (La. 4/28/95), 653 So.2d 1176, 1177 (*per curiam*).

there are no non-frivolous issues to be raised on appeal. The amended bill of information properly charged defendant, and plainly and concisely stated the essential facts constituting the charged offense. It also sufficiently identified defendant and the crime charged. *See generally* La. C.Cr.P. arts. 464–466. As reflected by the minute entries and commitment, defendant and counsel appeared at each stage of the proceedings against him, including his arraignment, guilty plea proceeding, sentencing, and multiple offender adjudication and sentence.

 Further, defendant pleaded guilty to the amended charge of manslaughter and admitted to being a second felony offender as alleged in the multiple bill. If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and precludes review of such defects either by appeal or post-conviction relief. *State v. Wingerter*, 05–697 (La. App. 5 Cir. 3/14/06), 926 So.2d 662, 664. An unconditional plea, willingly and knowingly made, also bars a defendant from later asserting on appeal that the State failed to produce sufficient proof at the multiple offender hearing. *State v. Schaefer*, 97–465 (La. App. 5 Cir. 11/25/97), 704 So.2d 300, 304.

 The record indicates defendant filed various pre-trial motions, including motions to suppress, which were denied by the trial court. Additionally, other *pro se* pre-trial motions filed by defendant, including motions to quash, do not appear to have been ruled upon prior to the time defendant entered his guilty plea. When a defendant does not object to the trial court's failure to hear or rule on a pre-trial motion prior to pleading guilty, the motion is considered waived. *See State v. Corzo*, 04–791 (La. App. 5 Cir. 2/15/05), 896 So.2d 1101, 1102. Defendant also failed to preserve any pre-trial rulings for appeal under the holding in *State v. Crosby*, 338 So.2d 584 (La. 1976).

 Our review of the record reveals no irregularities in defendant's guilty plea to manslaughter. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the *Boykin* colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. *State v. McCoil*, 05–658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124.

The record shows that defendant was aware he was pleading guilty to manslaughter. Defendant was also properly advised of his *Boykin* rights. On the waiver of rights form and during the colloquy with the trial judge, defendant was advised of his right to a judge or jury trial, his right to confrontation, and his privilege against self-incrimination. On the waiver of rights form, defendant made an affirmative notation next to each of these rights and placed his signature at the end of the form, indicating he understood he was waiving these rights by pleading guilty. During the colloquy with the trial judge, defendant also indicated that he understood he was waiving these rights.

The trial court also informed defendant that his guilty plea could be used to enhance a penalty for any future conviction. Defendant indicated he understood the possible legal consequences of pleading guilty and confirmed he was not forced, coerced, or threatened into entering his guilty plea. Further, the trial court informed defendant during the colloquy and by means of the waiver of rights form of the sentencing range for the offense as well as the actual penalty that would be

imposed upon acceptance of his guilty plea. After his colloquy with defendant, the trial judge accepted defendant's guilty plea as knowingly, intelligently, freely, and voluntarily made.

Moreover, a review of the multiple offender proceeding reveals defendant was sufficiently advised of his multiple offender rights. The waiver of rights form, in conjunction with the colloquy between the trial judge and defendant, indicates defendant understood that by stipulating to the allegations in the multiple offender bill he was giving up his right to plead not guilty, his right to a hearing, and his right to remain silent throughout the hearing. Defendant admitted to his prior felony conviction for armed robbery for which he received a five-year sentence. The trial court also advised defendant of the potential sentencing range as a second felony offender, as well as the actual sentence that would be imposed. Defendant indicated he was satisfied with the way his attorney and the court handled his case and again indicated he was not forced, coerced, or threatened into pleading guilty. The trial judge accepted defendant's stipulation as knowingly, intelligently, freely, and voluntarily made. By stipulating to the multiple offender bill, defendant waived his right to a hearing, as well as all non-jurisdictional defects.

With regard to defendant's sentences, we note they were imposed in accordance with the plea agreement. La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. *State v. Washington*, 05–211 (La. App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173.

In addition, defendant's sentence falls within the sentencing ranges set forth in the statutes. *See* La. R.S. 14:31 and 15:529.1(A)(1).[7]

Based on the foregoing, we find defendant's guilty pleas and sentence imposed pursuant to the plea agreement do not present any issues for appeal. Because appellate counsel's brief adequately demonstrates by full discussion and analysis that he reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel's assertion, we grant appellate counsel's motion to withdraw as attorney of record. We now turn our attention to the issues raised in defendant's *pro se* brief.

## *PRO SE* ASSIGNMENTS OF ERROR

In his first *pro se* assignment of error, defendant argues he was in State custody for nearly eight and one-half years without a trial. He contends this delay prejudiced his defense and deprived him of his rights under the Sixth Amendment of the United States Constitution. He further argues the trial court failed to address his motion to quash the prosecution which addressed this time delay.

On August 29, 2014, defendant filed a motion to quash asserting that the State violated La. C.Cr.P. art. 701 and his Sixth Amendment right to a speedy trial, when it failed to file a timely indictment against him. He claimed he was in State custody for almost nine years before an indictment was returned, thus, substantially prejudicing his ability to defend against the second degree murder charge. Defendant recognizes in this motion, however, that when he was arrested for the murder of Robert Shannon on August 17, 2005, he was al-

---

7. At the time the offense was committed in 2004, a conviction under La. R.S. 14:31 carried a term of imprisonment at hard labor for "not more than forty years." La. R.S. 529.1 provided that the sentence shall be "not less than one-half the longest term and not more than twice the longest term" prescribed for the underlying conviction.

ready incarcerated on charges of aggravated rape in an unrelated case. The record indicates that on May 24, 2006, defendant pleaded guilty to the reduced charge of forcible rape in exchange for a twenty-five year sentence without the benefit of probation, parole or suspension of sentence. While serving this sentence, a grand jury indicted defendant for the second degree murder of Robert Shannon on March 21, 2013. The motion to quash was originally set for hearing on January 15, 2015, but was continued multiple times prior to trial.

As explained above, when a defendant does not object to the trial court's failure to hear or rule on a pre-trial motion prior to pleading guilty, the motion is considered waived. *Corzo*, 896 So.2d at 1102. Moreover, defendant did not preserve any issues relating to the motion to quash for appeal under the holding in *Crosby*, *supra*. Accordingly, defendant waived his right to appeal any issues relating to his motion to quash.

▆ In his second *pro se* assignment of error, defendant argues his predicate 1993 armed robbery conviction was erroneously used to charge him as a second felony offender because of the expiration of the cleansing period for that conviction.

|9Prior to accepting defendant's stipulation to the multiple bill, the trial judge advised defendant of all of his rights and explained that he was waiving his right to a hearing where he could require the State to prove that not more than ten years had elapsed between the date of the commission of his current offense and the expiration of the maximum sentence of his previous conviction.[8]

As discussed above, an unconditional plea, willingly and knowingly made, waives any and all non-jurisdictional defects and bars a defendant from later asserting on appeal that the State failed to produce sufficient proof at the multiple offender hearing. *See Crosby*, *supra*; *Schaefer*, 704 So.2d at 304; *State v. Perret*, 628 So.2d 92 (La. App. 5th Cir. 1993). Accordingly, defendant waived any challenge that the State failed to prove the applicable cleansing period.

## ERRORS PATENT

The record was reviewed for errors patent, according to La. C.Cr.P. art. 920; *State v. Oliveaux*, 312 So.2d 337 (La. 1975); and *State v. Weiland*, 556 So.2d 175 (La. App. 5 Cir. 1990). We did not note any errors patent requiring corrective action.

## DECREE

For the foregoing reasons, we affirm defendant's conviction and sentence. We also grant appellate counsel's motion to withdraw as counsel of record.

**CONVICTION AND SENTENCE AFFIRMED; MOTION TO WITHDRAW GRANTED**

---

**8.** The applicable cleansing period is the one in effect at the time of the commission of the subsequent felony. *State v. Harbor*, 01–1261 (La. App. 5 Cir. 4/10/02), 817 So.2d 223, 229, *writ denied*, 02–1489 (La. 5/9/03), 843 So.2d 388. The crime at issue in this matter is alleged to have occurred on December 16, 2004. In 2004, the cleansing period set forth in La. R.S. 15:529.1 was ten years "between the date of the commission of the current offense or offenses and the expiration of the maximum sentence or sentences of the previous conviction or convictions . . . ."