STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2021 KA 0202

STATE OF LOUISIANA

VERSUS

CINDY THERESA WHITE

*Judgment Rendered:* **OCT 0 4 2021**

********

Appealed from the 22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Case No. 579279

The Honorable Scott C. Gardner, Judge Presiding

********

| | |
|---|---|
| Warren L. Montgomery | Counsel for Appellee |
| District Attorney | State of Louisiana |
| J. Bryant Clark, Jr. | |
| Assistant District Attorney | |
| Covington, Louisiana | |
| | |
| Thomas M. Calogero | Counsel for Defendant/Appellant |
| Metairie, Louisiana | Cindy Theresa White |

BEFORE: McDONALD, LANIER, AND WOLFE, JJ.

**LANIER, J.**

The defendant, Cindy Theresa White, was charged by bill of information with identity theft at a value of one thousand dollars or more, a violation of La. R.S. 14:67.16(C)(1)(a), and pled not guilty. After a trial by jury, she was found guilty as charged. The defendant was sentenced to ten years imprisonment at hard labor. The trial court denied the defendant's motion to reconsider sentence. Seeking to enhance the defendant's sentence pursuant to La. R.S. 15:529.1, the State filed a habitual offender bill of information, and the defendant initially stood mute to the allegations therein.[1] The defendant then filed an appeal in this court.

Subsequently, the defendant admitted to the allegations in the habitual offender bill of information. The trial court adjudicated the defendant a second-felony habitual offender, vacated the original sentence, and resentenced the defendant to fifteen years imprisonment at hard labor without the benefit of probation or suspension of sentence.[2] The trial court denied the defendant's oral motion to reconsider the enhanced sentence. In the original appeal, this court affirmed the defendant's conviction.[3] **State v. White**, 2018-1312 (La. App. 1 Cir. 4/12/19), 276 So.3d 166, 174, writ denied, 2019-00805 (La. 9/24/19), 278 So.3d 977.

---

[1] The habitual offender bill of information alleges one predicate conviction, a forgery committed on August 27, 1997. The habitual offender bill of information further states that the defendant "is currently awaiting probation revocation under that docket number." We note that the "cleansing period" provided by the Habitual Offender Law begins to run from the date that a defendant is actually discharged from state custody and supervision, as the discharge can take place earlier than the theoretical date on which the sentence would have terminated due to pardon, commutation, or good time credit, or it could take place later because of parole revocation. See **State v. Anderson**, 349 So.2d 311, 314 (La. 1977); **State v. Thomas**, 2005-2210 (La. App. 1 Cir. 6/9/06), 938 So.2d 168, 177, writ denied, 2006-2403 (La. 4/27/07), 955 So.2d 683.

[2] After the defendant stipulated to the habitual offender bill and was adjudicated a habitual offender, the trial court denied her motion to quash the habitual offender bill of information generally challenging in part the State's compliance with La. R.S. 15:529.1.

[3] As the appeal was instituted and lodged prior thereto, the defendant's habitual offender adjudication and sentencing were not before this court in the original appeal.

The defendant later filed a motion to correct an illegal sentence, which the trial court denied. In the instant appeal, the defendant assigns error to the trial court's denial of her motion to quash the habitual offender bill of information. For the following reasons, we affirm the habitual offender adjudication and sentence.[4]

## ASSIGNMENT OF ERROR

In the sole assignment of error, the defendant argues the trial court erred in denying her motion to quash the habitual offender bill of information. She notes that when a defendant fails to timely respond in writing to challenge a habitual offender bill of information, this court and other appellate courts in Louisiana apply the error patent rule. The defendant specifically argues that the State failed to prove that less than ten years[5] elapsed between her release from imprisonment on the 1997 forgery case and the commission of the instant offense, which she states was required to adjudicate her as a habitual offender. Hence, the defendant contends that the trial court's adjudication of her as a second felony offender caused her to receive an unconstitutionally excessive sentence. She further contends that the purpose of the time lapse restrictions in the habitual offender statute is to prevent defendants from being multiple billed and receiving excessive sentences, particularly for non-violent offenses. In response, the State contends that the defendant is precluded from seeking review of her habitual offender

---

[4] The facts of the offense are not relevant to the instant appeal. For a rendition of the facts, please see the original appeal opinion. **White**, 276 So.3d at 168-169.

[5] The defendant was convicted of the underlying offense of identity theft on April 18, 2018, which conviction became final on September 24, 2019, when the Louisiana Supreme Court denied writs. See La. Code Crim. P. art. 922(D). The State filed the habitual offender bill of information on May 29, 2018. (Prior R. 155). Thus, the applicable cleansing period would be the five-year period provided in La. R.S. 15:529.1(C)(1). See La. R.S. 15:529.1(K)(2) and **State v. Lyles**, 2019-00203 (La. 10/22/19), 286 So.3d 407, 410 (per curiam) (in which the supreme court recognized that for persons whose convictions became final on or after November 1, 2017, and whose habitual offender bills were filed between November 1, 2017, and August 1, 2018, such persons would be eligible to receive the benefit of the reduced cleansing period).

3

adjudication on appeal, as she pled guilty to the habitual offender bill of information without reserving the right to appellate review.

In **State v. Crosby**, 338 So.2d 584, 588 (La. 1976), the Louisiana Supreme Court recognized that under both state and federal jurisprudence, an unqualified plea of guilty waives all non-jurisdictional defects and precludes review of such defects by either appeal or post-conviction relief. See **State v. Kendall**, 2016-0207 (La. App. 1 Cir. 9/15/17), 231 So.3d 661, 663; **State v. Smith**, 2016-222 (La. App. 5 Cir. 12/7/16), 206 So.3d 444, 449, writ not considered, 2017-0320 (La. 4/24/17), 219 So.3d 1100. An unconditional plea, willingly and knowingly made, also bars a defendant from later asserting on appeal that the State failed to produce sufficient proof at the multiple offender hearing, including any claim that the State failed to prove that the cleansing period had not lapsed. **Smith**, 206 So.3d at 449; **State v. Kent**, 2015-323 (La. App. 5 Cir. 10/28/15), 178 So.3d 219, 234, writ denied, 2015-2119 (La. 12/16/16), 211 So.3d 1165; **State v. Spellman**, 2013-908 (La. App. 5th Cir. 4/9/14), 140 So.3d 751, 754, writ denied, 2014-1315 (La. 2/6/15), 158 So.3d 815; **State v. Tumblin**, 2002-1643 (La. 4th Cir. 9/17/03), 857 So.2d 1045, 1050-1051. Furthermore, a defendant who stipulates to the terms of a habitual offender bill of information in exchange for a sentencing agreement is also precluded from appealing the habitual offender sentence. **Kendall**, 231 So.3d at 663.

As previously noted, the defendant in the instant case stipulated to her status as a second felony habitual offender, expressly waiving her right to a hearing on the allegations in the habitual offender bill of information, after being advised of her right thereto. The defendant denied being forced or coerced into admitting to the allegations in the habitual offender bill of information. The trial court accepted the defendant's admission and adjudicated the defendant a second-felony habitual offender, without qualification. After the trial court vacated the previous sentence,

4

the State informed the court that the parties agreed to a sentencing term of fifteen years. The trial court then imposed the agreed-upon sentence of fifteen years imprisonment at hard labor, without the benefit of probation or suspension of sentence. After imposing the enhanced sentence, the trial court inquired, "Counsel, did you want to address the motion to quash?" In response, the defense counsel submitted the motion without argument. The trial court then denied the motion to quash.[6]

The defendant correctly asserts that in the event the State fails to prove that the cleansing period has not expired, the issue may be reviewed as error patent on the face of the record. **State v. Kisack**, 2016-0797 (La. 10/18/17), 236 So.3d 1201, 1204 (per curiam), cert. denied, ___ U.S. ___, 138 S.Ct. 1175, 200 L.Ed.2d 322 (2018); **State v. Baker**, 452 So.2d 737, 745-746 (La. App. 1 Cir. 1984) (in which this court cited La. Code Crim. P. art. 920 in noting that an alleged cleansing period error, "if proved, would be error patent on the face of the record."). However, review of the issue is waived where the defendant stipulates to the allegations in the habitual offender bill of information. See **State v. Nguyen**, 2014-0451 (La. App. 1 Cir. 12/10/14), 2014 WL 7004023, at *3.

Here, the record reflects that the trial court advised the defendant of her right to a hearing requiring the State to prove the allegations of the habitual offender bill and of her right to remain silent. The defendant waived those rights and entered an unqualified stipulation to the allegations in the habitual offender bill of information. The determination of whether a defendant's last previous discharge date is within the appropriate number of years of the commission of his instant

---

[6] As indicated above, the trial court initiated the ruling on the motion to quash, apparently presented to the court at some point prior to the stipulation. As further indicated above, the motion was simply submitted without argument. The trial court then stated, "I am denying the Motion to Quash, to which I'll note [your] objection." The defense attorney then replied, "Yes, please, note our objection." As the State notes in its reply brief, notwithstanding the prompting by the trial court, arguably, it appears the defendant abandoned the motion to quash in entering the stipulation.

offense is a question of fact to be resolved during a hearing on the habitual offender bill of information, at which evidence is presented on the issue. By admitting the allegations in the habitual offender bill of information, the defendant waived a hearing on the same. **Tumblin**, 857 So.2d at 1050-1051; see also **State v. Corkern**, 2018-1000 (La. App. 1 Cir. 12/21/18), 2018 WL 6718603, at *2, writ denied, 2019-0194 (La. 4/22/19), 268 So.3d 303 ("Upon his stipulation, the defendant waived those rights, including the requirement of the State to offer competent evidence of the defendant's status as a habitual offender at a hearing.); **State v. Kornahrens**, 2011-1779 (La. App. 1 Cir. 6/8/12), 2012 WL 2061464, at *4, writ denied, 2012-1511 (La. 5/3/13), 113 So.3d 208 ("A stipulation has the effect of withdrawing a fact from issue and disposing with the need for proof of that fact ... the stipulation disposed wholly of the state's need to produce ... the necessary dates that would prove these predicate DWI convictions fell within the ten-year period..."). Accordingly, no hearing was held, and thus, no evidence was presented.

As stated above, an unconditional plea, willingly and knowingly made, waives any and all non-jurisdictional defects and bars a defendant from later asserting on appeal that the State failed to produce sufficient proof at the multiple offender hearing. See **Crosby**, 338 So.2d at 588; **Kendall**, 231 So.3d at 663; **Smith**, 206 So.3d at 449; **Nguyen**, 2014 WL 7004023 at *3. Thus, the defendant waived any challenge that the State failed to prove the applicable cleansing period did not lapse. Moreover, the defendant was sentenced in conformity with a plea agreement set forth on the record at the time of the plea. Consequently, the defendant is precluded from appealing her sentence. In accordance with the above, review of the sole assignment of error is precluded.

**HABITUAL OFFENDER ADJUDICATION AND SENTENCE AFFIRMED.**